## County of Floyd v. Cheney.

1. **Decree:** TRIAL UPON ISSUES OF FACT. Where the decree recites that "the issues are found for the plaintiff, and that the allegations of the petition are true," it will be construed to imply there was a trial upon the issues of fact.

2. ————: NOT VOID. A decree entered by default, by a judge who had been attorney for one of the parties in the transaction, is not for that reason, void.

3. ————: SENIOR AND JUNIOR MOATGAGEES: STATUTE OF LIMITATION. The foreclosure by a senior mortgagee will not affect the rights of a junior mortgagee not made a party. In such case, however, the junior mortgagee can only acquire possession by redemption, and all right to redeem or to obtain possession, will be barred by limitation in ten years.

*Appeal from Floyd Circuit Court.*

TUESDAY, OCTOBER 25.

ACTION in equity to quiet plaintiff's title to certain real estate    The defendant filed an answer and also a cross-petition in which he claimed to be the owner of the land.    There was a demurrer to the answer and cross-petition which was sustained, and a decree was entered for the plaintiff.    Defendant appeals.

*Hand & Spriggs*, for appellant.

*Ellis & Ellis*, for appellee.

ROTHROCK, J.—The demurrer was sustained, as we understand it, upon the ground that the defendant was precluded by the statute of limitations from making the defense set up in the answer, and from asserting the claim made in the cross-petition.

The facts as averred in the petition are as follows:    The plaintiff held a school fund mortgage upon the land, executed by one Collins, and at some time, the date of which does not appear, the same was foreclosed.    This mortgage was the first

lien upon the land. The plaintiff was the purchaser at the fore-closure sale and received a sheriff's deed on December 19th, 1865. On the 28th day of March, 1868, the plaintiff executed and delivered to one Thompson a contract, agreeing upon the payment of certain sums of money, to convey to him a good title ·to said land, which sums of money have not all been paid. Thompson took actual possession of the land and was in the actual, continued, open and peaceable possession thereof for more than ten years before the commencement of this suit.

The answer in addition to certain general denials avers as a defense that plaintiff's decree of foreclosure, is, and was void, because the attorney who procured the same was at the time judge of the District Court in which said decree was entered, and that said attorney and judge heard, tried, and determined the said suit without the consent of any of the defendants therein.

As a further defense it is averred that said Collins who was owner of the land in question on the 12th day of November, 1858, executed a trust deed thereon to one Chapman, to secure the payment of certain moneys to this defendant. That said trust deed was duly foreclosed and the defendant became the purchaser at sheriff's sale under said foreclosure, and received a sheriff's deed therefor on the 31st day of December, 1863. That said conveyance was made to defendant long before the commencement of the foreclosure proceedings under which plaintiff claims. That this defendant was thereby invested with the legal title to the land, and she was not made a party to plaintiff's foreclosure.

There is an admission in the answer that said Thompson took possession of the land, but there is a distinct and une-quivocal denial that such possession has been open, peaceable and uninterrupted, with the· knowledge of the defendant for ten years last past. The cross-petition sets out the same facts as to the foreclosure of plaintiff's mortgage and defendant's

trust deed, which are averred in the answer.   There is the further averment therein that some person or persons, under and by authority of plaintiff, have since the foreclosure of plaintiff's mortgage been in possession of the land in question.

The prayer of the cross-petition is, 1st., that plaintiff's petition be dismissed.   2d.  That plaintiff's foreclosure proceedings be decreed to be null and void.   3d. That in case this relief be not granted them, that an account be taken of the rents and profits of the land and that defendant be permitted to redeem from plaintiff's mortgage by paying whatever may be found to be due thereon.   We have stated the issues raised by the pleadings sufficiently to enable us to determine what we regard as the vital questions in the case.

I.   It is urged that the court erred in sustaining the demurrer as against the denials of the answer, and in entering a decree without a trial.   The decree is set out in the abstract, and in answer to the above objection, it is sufficient to say that it does not affirmatively appear from the decree that there was no evidence introduced at the hearing.   It is recited in the decree that the issues are found for the plaintiff, and that the allegations of the petition are true. This would seem to imply that there was a trial upon the issues of fact.

1. DECREE: trial upon issues of fact.

II.   By section 2685, of the Revision of 1860, which was in force when the plaintiff's foreclosure was had, a judge was disqualified from acting as such in any case where he had been an attorney for either party in the action, unless by the mutual consent of the parties.   It does not appear that Collins, the party defendant to the foreclosure, appeared to the action.   If he did not, but was in default, his default was an admission of the cause of action, and that something was due on the debt secured by the mortgage.   Under these circumstances, the amount of the judgment is usually ascertained by the clerk, and the decree is entered as a matter of form.   Besides this, it does not appear that Collins has ever

2. ——: not void.

questioned the judgment and decree against him. We do not think the decree was void, presuming, as we may, that it was entered by default, or it may be by consent.

III. The important question in the case is that based upon the statute of limitations. The defendant held the junior

3. ——— : senior and junior mortgagees: statute of limitations.

mortgage or trust deed, and she foreclosed without making the plaintiff, who held the senior mortgage, a party to her action. After the foreclosure and the sale thereunder, and after she received her sheriff's deed, the plaintiff foreclosed its mortgage without making the defendant a party. It is admitted by the answer and cross-petition that Thompson has been and is now in possession of the land, under his contract with the plaintiff. Counsel for the defendant contends that the plaintiff's foreclosure did not affect the rights of the defendant, because she was not made a party thereto. This is undoubtedly correct. *Barrett v. Blackmar*, 47 Iowa, 565, and authorities cited. It is further contended that as the defendant had, by her foreclosure against Collins, acquired all the interest which Collins had in the land before the plaintiff commenced its foreclosure, the decree was invalid for any purpose, because the defendant had the legal title and was not made a party. We do not deem it necessary to determine this question. It is enough for the purposes of this case to hold that the decree did not affect the rights of the defendant as a junior mortgagee. The plaintiff, it is conceded, is in possession of the land by its agent, Thompson. Even if the foreclosure invested the plaintiff with no right to the land, it is, nevertheless, a senior mortgagee in possession of the mortgaged property. There is no way in which the defendant can acquire such possession, unless by redemption. The demurrer to the cross-petition was properly sustained, because the action to redeem was barred, more than ten years having elapsed from the time the right of action accrued and the commencement thereof. This bar of the statute is in no wise affected by the question of adverse possession. *Gower v.*

*Winchester*, 33 Iowa, 303; *Crawford v. Taylor Richards & Burden*, 42 Id., 260; *Smith v. Foster*, Id., 443.

The plaintiff being a mortgagee in possession of the property, and the defendant being the holder of a junior mortgage, all rights under which are absolutely and completely barred by the statute of limitations, her mortgage is not available to her, either for the purpose of maintaining an action to redeem, or as the ground of a right to obtain possession of the land.

AFFIRMED.