WILLIAM WOOD ALIAS WILLIAM CARSON v. THE STATE.

*No. 6644. Decided June 20.*

1. **Practice—Evidence.**—It is a general rule of evidence that "declarations made by a defendant in his own favor, unless a part of the *res gestæ* or of a confession offered by the prosecution, are not admissible in evidence for the defense," and should be rejected as self-serving. But article 751 of our Code of Procedure provides that "when a detailed act, declaration, conversation, or writing is given in evidence, any other act,

declaration. or writing which is necessary to make it fully understood may also be given in evidence." See the opinion for a declaration of the defendant in this case, made after arrest, *held* to have been properly excluded as evidence, inasmuch as it does not come within the purview of the said article.

2. **Rape—Evidence.**—Over the defendant's objection that it was irrelevant and immaterial, the prosecution in a rape case was permitted to prove by a witness that about a month before the alleged rape she and the defendant were talking about sweethearts, when the defendant said he "had a good thing, but it was not black;" and that she told him he "had better mind how he talked." *Held*, that in view of other proof in the case (for which see the opinion) the evidence objected to was properly admitted.

3. **Same—Fact Case.**—See the opinion and the statement of the case for evidence *held* sufficient to support a conviction for rape.

APPEAL from the District Court of Grayson. Tried below before Hon. H. O. Head.

The indictment charged the appellant with the rape of Mrs. Maggie Miles in Sherman, Grayson County, Texas, on the night of Wednesday, June 6, 1888. His trial resulted in his conviction, and he was awarded a life term in the penitentiary.

The conviction rests upon the testimony of Matilda Noel, the full substance of which is set out in the opinion of the court, that of Mrs. Miles, who testified to the facts set out in the opinion in connection with the ruling upon Matilda Noel's testimony, and upon that of J. R. Cole.

In addition to her testimony as stated in the opinion, Mrs. Miles testified that her room on the premises of J. R. Cole, in Sherman, Texas, was forcibly entered by a negro man on the night alleged in the indictment. That man, by force and threats and by displaying a razor, committed an outrage upon her person, penetrating her female organ with his male member. In resisting the outrage upon her person the witness seized the blade of the razor, the effect of which was to cut the thumb and the two first fingers of that hand. The witness fully and absolutely identified the defendant as the man who raped her. As he left the defendant told the witness that if she ever reported the transaction he would kill her. Witness sat up in a chair the balance of the night, and when Mr. Cole came to call her early on the next morning she told him what had occurred.

Mr. Cole testified for the State that when he went to call Mrs. Miles, who was a domestic in his employ, on the morning of Thursday, June 7, 1888, he found her up and partially dressed. She was weeping hysterically, and appeared to be nearly crazed. She informed him that she was raped during the night, and exhibited her right hand, the thumb, fore, and middle fingers of which had been recently cut. Witness then examined the bed in her room, on which he found several large spots of blood.

Alibi was the defense relied upon, and it was supported by the testimony of a large number of witnesses, who testified positively that defend-

ant spent the night of the alleged rape in the city of Dallas, sixty miles distant from Sherman.    This proof was met by the State with the testimony of one Muir, who swore that he saw the defendant in Sherman on the night of the alleged rape, and by that of one Forrest, who swore that he saw defendant in Sherman about daybreak on the morning after the rape.

*J. D. Woods* and *A. C. Turner,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—But three bills of exception appear in this record.    As to the first, the judge explains that after he had overruled the application for continuance, and before the impaneling of the jury was completed, both the absent witnesses named in said application appeared, and that one was excused by defendant, the other remaining to testify.    Defendant could not possibly be injured under the circumstances.

2.    The State proved by John Blain that he was marshal of the city of Sherman, and that as such officer he went to Dallas, and on Friday, the 8th day of June, 1888, at about 11 o'clock, he arrested defendant on Main Street in Dallas; that shortly thereafter, on the same day, he put defendant on the train and started with him for Sherman; that defendant had been legally warned as to any statements made by him at the time of the arrest; that shortly after leaving Dallas he, the witness Blain, asked defendant if he, defendant, saw Nat Gunter in Dallas on Wednesday night (the night of the rape).    The defendant answered that he saw Gunter on Tuesday night (the night before the rape).    Defendant then proposed to prove by said Blain that when he arrested defendant at about 11 o'clock he at that time warned him as to his statements, and that defendant then and there told him, said Blain, that he, defendant, was in Dallas, Texas, on Wednesday night (the night of the rape at Sherman), and that he was innocent of the charge.    To which the prosecution objected because the same was a statement in defendant's interest, and the court sustained the objection and excluded the evidence.

" Declarations made by a defendant in his own favor, unless a part of the *res gestæ* or of a confession offered by the prosecution, are not admissible for the defense."    Whart. Crim. Ev., 8 ed., sec. 690.    They are considered as self-serving.    But our statute provides that " when a detailed act, declaration, conversation, or writing is given in evidence, any other act, declaration, or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."    Code Crim. Proc., art. 751.    Such declarations, acts, etc., are admissible whether *res gestæ* or not.    Willson's Crim. Stats., sec. 2481.    The cri-

terion for their admissibility is, are they necessary to make any other act or declaration of defendant which has been proved by the prosecution fully understood, or do they explain the same? In this case the State had proved that defendant told Blain that he had seen Gunter in Dallas on Tuesday night. Did the fact that he had previously told Blain that he, defendant, was in Dallas on Wednesday night, and that he was innocent of the rape, tend in any manner to explain his statement that he had seen Gunter in Dallas on Tuesday night, or did it in any manner tend to make this latter statement more fully understood? We can not see that it does. As shown by the bill of exceptions we can not see that the court erred in excluding the evidence.

3. Defendant's third bill of exceptions shows that over his objections the court permitted the prosecution to prove by the witness Matilda Noel that about a month before the alleged rape she and defendant "were talking about sweethearts," and defendant "said he had a good thing, but it was not black," and that she told him "he had better mind how he talked." This conversation occurred in the alley close to the place where the rape was alleged to have occurred. Defendant's objection was that the evidence was irrelevant, immaterial, foreign to the issue, and calculated to prejudice the defendant with the jury. Other evidence adduced showed that defendant prior to the rape had been living next door across the alley from the house in which the prosecutrix lived, and in which she was ravished, "as much as a month or two;" that he was several times in the yard where the prosecutrix lived; that some three weeks before the occurrence he had spoken to her from the yard in which he lived and told her that she "looked pretty;" that on another occasion he asked her to give him a rose; and that one night about three weeks before the rape he came to the window of the prosecutrix and asked her if she had gone to bed, and when she answered that she had, he asked her if she would not read "the cook receipts" to him, which she had previously promised to do; that she told him no, and he went away. In the light of this evidence we are of opinion the court did not err in admitting the testimony of Matilda Noel. It was, it may be, but a slight circumstance, still it tended to show the bent of defendant's mind, and when read in the light of these other facts, tended further to show who the party was the defendant referred to when he told the witness that "he had a good thing, but it was not black." In Tomlin's case, 25 Texas Court of Appeals, 676, the evidence which this court held inadmissible could possibly have had no connection remotely or otherwise upon the case or any issue involved in the trial, but was an independent statement made five years before the rape was committed for which the prisoner was on trial, and before he even knew the prosecutrix in that case.

4. The only other question necessary to be noticed is the sufficiency of the evidence. Defendant's identity is positively proved by the prosecu-

trix.   His effort was to establish an alibi.   That his evidence tended most strongly to sustain this defense can not be denied, and that there is a decided conflict in the evidence upon this defense is most true.   To reconcile and settle this conflict was the province of the jury, and if they believed the testimony of the prosecution, the evidence is amply sufficient to support the verdict and judgment.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.