Donald v. Stybr.

W. F. DONALD *et al.* v. A. J. STYBR.

No. 12,276.    (70 Pac. 650.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Insufficient Defense by Mortgagee.* In an action to quiet his title brought by a senior mortgagee who had obtained a sheriff's deed and possession of the premises under a foreclosure of his mortgage against the mortgagors without joining a second mortgagee as a party, the answer of the second mortgagee, claiming the right to redeem, disclosed the fact that his right to recover against the mortgagors was barred by the statute of limitations. *Held,* that the answer stated neither a cause of action for redemption nor a ground of defense to the plaintiff's suit.

Error from Marion district court; O. L. MOORE, judge. Opinion filed November 8, 1902. Affirmed.

*Henry Elliston,* for plaintiffs in error.

*L. H. Wilder,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: In November, 1898, A. J. Stybr, as plaintiff, commenced an action in the district court of Marion county against Donald Bros. to quiet his title to certain real estate. From the amended petition, it appears that prior to 1890, E. C. and E. E. C. Motz, as owners, gave to Stybr a first mortgage, and to Donald Bros. a second mortgage, on the land. Stybr foreclosed the first mortgage against the Motzes without making Donald Bros. parties to the suit. The foreclosure proceedings culminated in a sheriff's deed to Stybr in 1890, who at once took possession of the property, and has ever since occupied it, claiming to be the owner in fee. These facts were not controverted. The plaintiff further claimed that the mortgage to Donald Bros. had been paid in April, 1889.

This the answer denied.   The answer further alleged that the Motzes had paid nothing on Stybr's debt since the foreclosure of his mortgage ; set out the defendants' mortgage, together with the notes it secured, and prayer for its foreclosure, and for an adjustment of the priority of liens in such manner as to make the second mortgage the superior one, and for a sale of the mortgaged premises.   On the face of the answer, it appeared that the last of the notes to Donald Bros. became due October 2, 1888, and no facts were pleaded to remove the bar of the statute of limitations.   Stybr replied to the answer, and then moved for judgment in his favor on the pleadings, which motion the court sustained.   Donald Bros. then asked leave to amend the answer by inserting allegations of payments made to them by the mortgagors such as would avoid the bar of the statute, which leave the court denied, and rendered judgment quieting Stybr's title to the land.   Donald Bros., as plaintiffs in error, complain to this court of such rulings and judgment.

The plaintiffs in error very properly assert that a second mortgagee can plead the statute of limitations against a first mortgagee.   If, therefore, their theory be tenable, that the order of liens had become reversed, that their mortgage had become a first lien on the property, and that Stybr should be barred of all interest in the premises upon the foreclosure of their mortgage, Stybr was clearly entitled to plead the statute of limitations, and further discussion is unnecessary upon such hypothesis.

If the answer of Donald Bros. be given all the effect which rightfully may be claimed for it, it was an application to redeem ; and, in any view, was intended

to be the foundation of affirmative relief, and should stand or fall upon its own validity.

Section 459 of chapter 80, General Statutes of 1868, in force at the time of the foreclosure of the Stybr mortgage, referring to sheriffs' deeds, provided as follows:

"The deed shall be sufficient evidence of the legality of such sale and the proceedings therein, until the contrary be proved, and shall vest in the purchaser as good and as perfect an estate in the premises therein mentioned as was vested in the party at, or after, the time when such lands and tenements became liable to the satisfaction of the judgment."

The sheriff's deed was sufficient, therefore, to vest in Stybr all the estate of his mortgagors and to give him the rightful possession of the land. While the foreclosure proceedings were ineffectual to disturb the rights of Donald Bros. under their mortgage, Stybr was, nevertheless, as to them, a senior mortgagee in rightful possession of the mortgaged premises; and, because the full statutory period had elapsed in which Donald Bros. might enforce their mortgage, it was utterly unavailable to them, either as a cause of action or as a ground of defense. (Civil Code, § 25; Gen. Stat. 1901, § 4453.)

In the case of *County of Floyd v. Cheney*, 57 Iowa, 160, 10 N. W. 324, it appeared that a junior mortgagee had foreclosed and obtained title without making the senior mortgagee a party. The senior mortgagee then foreclosed his mortgage without making the junior mortgagee a party, and, upon obtaining his deed, went into possession of the mortgaged premises. The senior mortgagee then brought an action to quiet his title to the land, and the junior mortgagee, by way of cross-petition, asked that the plaintiff's fore-

Donald v. Stybr.

closure proceedings be decreed to be null and void, but that if such relief should not be granted, she might be permitted to redeem.    In affirming a judgment quieting the title to the land, the court said :

"The plaintiff being a mortgagee in possession of the property, and the defendant being the holder of a junior mortgage, all rights under which are absolutely and completely barred by the statute of limitations, her mortgage is not available to her, either for the purpose of maintaining an action to redeem, or as the ground of a right to obtain possession of the land."

Donald Bros. having chosen to stand upon the sufficiency of their answer until the court had sustained the motion for judgment on the pleadings, their motion for leave to amend came too late, and it was not error for the court, in its discretion, to overrule it.

Donald Bros. make an additional claim that their right to redeem had been admitted in the original petition filed in the action, because it contained an alternative prayer asking, first, for the cancelation of their mortgage as invalid, or, if it be found to be valid, that they be required to redeem.    The petition itself, however, alleged that the mortgage to Donald Bros. had been satisfied, and was, therefore, no longer a lien on the premises, but that because it had not been released it clouded Stybr's title.    There was, therefore, no election by Stybr binding him to suffer redemption at the hands of Donald Bros.

The judgment of the district court is affirmed

All the Justices concurring.