MARY HOGABOOM v. HENRY C. FLOWER.

No. 13,096.   (72 Pac. 547.)

SYLLABUS BY THE COURT.

1. MORTGAGE — *Limitation of Action.*   The absence from the state of the owner of real estate on which there exists a mortgage, but for the payment of which the owner is not obligated, will not prevent the statute of limitations from running against such mortgage lien.

2. ——— *Action to Quiet Title — Limitation.*   The plaintiff in an action to quiet his title to real estate may interpose the bar of the statute of limitations against a mortgagee defendant who seeks to foreclose a mortgage lien thereon.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed May 9, 1903.   Affirmed.

*Vance & Campbell*, for plaintiff in error.

*George H. Whitcomb*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This action was brought by Henry C. Flower to quiet his title to lots 23 and 25 on West street, Thurston Place addition to the city of Topeka. Mary Hogaboom, one of the defendants, by way of cross-petition pleaded a mortgage executed by Halleck Hill and wife on the real estate, and asked that it be declared a lien thereon and foreclosed.   This answer disclosed that more than five years had elapsed from the maturity of the note and the filing of the cross-petition.   To avoid the bar of the statute of limitations, it was alleged that by a stipulation in the note the Hills exempted themselves from personal liability for the debt, and the mortgagee agreed to look solely to the real estate for satisfaction; that immediately after the execution of the note and mortgage the Hills

conveyed the real estate to a non-resident of the state, and that such purchaser and all subsequent owners thereof, including the plaintiff, have at all times been absent from the state. The court sustained a demurrer to this answer, to reverse which the defendant, Mary Hogaboom, prosecutes this proceeding.

It is contended by plaintiff in error that, as the Hills were not personally liable for the debt and had parted with their title to the real estate before the maturity of the note, they were neither necessary nor proper parties to the action, and therefore an allegation that they also had been continually absent from the state for more than five years after maturity of the note was not necessary to save the defendant's lien from the bar of the statute. Conceding the contention of the plaintiff in error that there was no personal liability resting upon any person to pay this debt, she then held only a lien on the real estate. The fact that the holder of the legal title was absent from the state did not prevent her from enforcing such lien by a proper action at any time after the maturity of the debt, nor suspend the statute of limitations. Having no personal cause of action against any of the holders of the legal title, their presence or absence from the state was immaterial so far as her foreclosure proceedings were concerned. She had her proceeding *in rem* to enforce her mortgage lien.

It was held by this court in *Smalley v. Bowling*, 64 Kan. 818, 68 Pac. 630, that the statute of limitations would run against a judgment after the expiration of six years from the issuance of the last execution, notwithstanding the judgment debtor was absent from the state during the entire period of time. The judgment creditor could have kept his judgment alive by the issuance of execution. The statute makes ample

provision for the foreclosure of liens on real estate in the absence of the owner from the state, and when such remedies are open to a party he must invoke them or the statute will run.

Section 7680, General Statutes of 1901, reads:

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

This court, in *Beebe v. Doster*, 36 Kan. 666, 14 Pac. 150, said:

"Absence from the state on the part of a tax-deed holder will not prevent § 141 of the tax law from so operating as to bar any suit or proceeding brought against the tax-deed holder or his heirs or assigns for the recovery of the property, or to defeat or avoid the tax deed, if such suit or proceeding is not commenced within five years from the time of the recording of the tax deed." (See, also, *Campbell v. Stagg*, 37 Kan. 419, 15 Pac. 531; *Wilson v. Reasoner*, 37 id. 663, 16 Pac. 100; *Dillon v. Heller*, 39 id. 599, 18 Pac. 693; *West v. Cameron*, 39 id. 736, 18 Pac. 894; *Mawhinney v. Doane*, 40 id. 676, 17 Pac. 44.)

Another contention is that in an action to quiet title to real estate the plaintiff cannot interpose the statute of limitations against a defendant mortgagee. Section 4453, General Statutes of 1901, provides that "when a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense." This provision is broad enough to include all actions, whether legal or equitable. A right of action thus barred is dead for all purposes while the bar continues. Courts cannot revitalize it or give it force; it is as if no such

right had ever existed. It is of no importance how or by whom it is brought upon the record; it is no more potent to defeat a recovery than it is to sustain one. It was said in *Donald v. Stybr*, 65 Kan. 578, 70 Pac. 650:

"In an action to quiet his title, brought by a senior mortgagee who had obtained a sheriff's deed and possession of the premises under a foreclosure of his mortgage against the mortgagors without joining a second mortgagee as a party, the answer of the second mortgagee, claiming the right to redeem, disclosed the fact that his right to recover against the mortgagors was barred by the statute of limitations. *Held*, that the answer stated neither a cause of action for redemption nor a ground of defense to the plaintiff's suit."

The judgment of the court below is affirmed.

All the Justices concurring.