McCARTHY BROTHERS COMPANY, Appellant, v. HANS-
KUTT, Respondent.

(137 N. W. 286.)

1.  **Limitation of Actions—Note as Partial Payment—General and Special Verdict.**

   The giving and acceptance of a note as partial payment on an account, and payment thereof, stop the running of limitations on the whole account under Sec. 79, Code Civ. Proc.; and the general verdict in plaintiff's favor should stand, notwithstanding in special verdicts the jury found the note was given in full settlement and payment and that the last item of credit to plaintiff—being the only item in the account not barred by limitation—was not advanced by plaintiff for defendant.

2.  **Statute of Limitations—Part Payment to Interrupt Statute—Burden of Proof—Intent.**

   Part payment, to be effectual to interrupt statute of limitations, must be voluntary and free from any uncertainty

as to identity of debt, and must be made and accepted as part of a larger debt, and under circumstances consistent with intent to pay the balance, the intent to be determined by jury; and the burden of proof is on plaintiff to show such intent.

3. **Statute of Limitations—Acknowledgement or Promise as New Contract—Parol Evidence of Intent re Part Payment.**

Under Sec. 79, Code Civ. Proc., requiring acknowledgement or promise to be in writing if regarded as a new promise, and concerning part payment, **held,** that the statute does not exclude all parol evidence bearing on new promise as part payment, to prove intent of the payment, by showing surrounding circumstances and statements of parties at the time.

4. **Statute of Limitations—Note as Part Payment—Payment of Note—Evidence.**

Where a debtor, pressed by creditor for payment of account, wrote that he would, and he did, come to plaintiff to settle, and, stating he was unable to pay all cash, agreed to and did give a note in part payment and promised to pay balance when collections were better, which note and promise were accepted, **held,** that the giving and subsequent payment of the note removed the bar of the statute of limitations on the account; and that, under the general verdict in plaintiff's favor, testimony as above, on part of plaintiff, is taken as true.

5. **Statute of Limitations—Pleading in Complaint—Answer.**

In an action on an account, it is not necessary for plaintiff to anticipate the defense of statute of limitations by pleading facts on which the statute might be tolled; the statute as a defense is available only by affirmative answer.

6. **Statute of Limitations — Answer — Reply — Evidence to Toll Statute.**

An answer of the statute of limitations needs no reply, unless by order of court. Sec. 130, Code Civ Proc. Where defendant does not compel reply to matter in avoidance not constituting a counterclaim, evidence to defeat statute of limitations is admissible without reply; in law it is deemed replied to; and, **held,** evidence of giving of note as part payment on account was properly admitted to suspend operation of statute.

Haney, J., dissenting.

(Opinion filed June 25, 1912.)

Appeal from Circuit Court, Douglas County. Hon. R. B. TRIPP, Judge.

Action by the McCarthy Brothers Company against James Hanskutt, to recover for balance on an account. From a judgment for defendant, plaintiff appeals. Reversed, and remanded with in-

structions to court below to enter judgment for plaintiff on general verdict.

*A. L. Brice* and *John W. Addie,* for Appellant.

This is an action at law wherein the jury found (1) That the thousand dollar note was not a payment in full of the account sued upon; (2) That defendant still owed plaintiff on said account the sum of $1,026.82.   The plaintiff was presumptively entitled to judgment for said amount.   John A. Tolman Co. v. Savage et al., 59 N. W. 882 (S. D.)

In the case now before this court the general and special verdicts were both favorable to the plaintiff.   In Kellogg, Johnson & Co. v. Gilman et al., 58 N. W. 339 (N. D.) there was a general verdict only.   The court held that a verdict that is general must control, as long as it remains in the record.

The South Dakota Code of Civil Procedure clearly does not require a reply unless the answer contains a counterclaim.   Koester v. Northwestern Port Huron Co., 124 N. W. 704 (S. D.); Craigo v. Craigo et al., 118 N. W. 712 (S. D.).   There is no exception to this rule when the answer pleads the bar of the statute of limitations.   London & S. F. Bank v. Parrotte et al., 58 Pac. 164 (Calif.); Tate v. Rose, 99 Pac. 1003 (Utah).

Under section 64, Code of Civil Procedure of South Dakota, the case at bar is clearly a mutual, open and current account. There were reciprocal demands between the parties.   It is only when the account is "wholly on one side, charges of one only against the other" (quoted from McArther v. McCoy) that the account is not a mutual, open and current account.   It is not necessary that all of the items in the account be reciprocal demands.   Many or most of the items on one side of the account may be simply payments of cash and still the account, if some of the items were mutual demands, would be mutual and the statute of limitation would not begin to run until the date of the last item proven on either side.   In McArthur v. McCoy, 112 N. W. 155 (S. D.), the charges were only upon one side; there were no mutual demands.   Perhaps the latest leading case upon the subject is Rogers v. Davis, (Me.) 69 Atl. 618, 19 L. R. A. (N. S.) 126.

Another case in point is Hannan v. Engleman, 5 N. W. 791 (Wis.)

The testimony on the part of the plaintiff, particularly the bookkeeper, De Leuw, shows that this balance referred to by Hanskutt in his letter is the balance which was then due on the account sued upon. It is not necessary that the amount of the debt or even what debt is meant be stated in the writing. It is sufficient if the writing indicates that there is some amount owing and that the plaintiff's evidence connects the admitted indebtedness with the account sued upon. Miller v. Beardsley, 45 N. W. 756 (Ia.); Senninger v. Rowley et al., 116 N. W. 695 (Ia.), 18 L. R. A. (N. S.) 223.

Under our law and under the rulings of the various supreme courts an admission in writing is sufficient, there need be no new promise to pay. Senninger v. Rowley, stated above; Bavliss et al. v. Street, 2 N. W. 437 (Ia.); First National Bank v. Woodman, 62 N. W. 28 (Ia.); Campbell v. Campbell, 91 N. W. 894; Foster v. Bowles et al., 71 Pac. 494 (Calif.); Morrell v. Ferrier, 1 Pac. 94 (Colo.); Blackmore v. Neale, 60 Pac. 952 (Colo.).

Part payment.

Where debts are distinct, if payment exceeds one, the surplus may be applied on the other. (25 Cyc. 1380) (4); Floersheim v. Vosburgh, 57 N. W. 1039 (Mich.); 4 Ency. L. &. P. 1119 cites the case of Bowe v. Gano, 9 Hun. (N. Y.) 6; Clarken et al. v. Brown, 83 N. W. 351 (Minn.)

Even in the South Dakota case, McArthur v. McCoy, which was not a mutual, open and current account, a part payment made before any of the items were outlawed and made within six years before the commencement of the action would have saved the entire account from the bar of the statute. This seems to be clearly the rule when we consider. McArthur v. McCoy, 112 N. W. 155 (S. D.); Rogers v. Davis, 69 Atl. 618 (Me.), 19 L. R. A. (N. S.) 126; Clarkin et al. v. Brown, 83 N. W. 351 (Minn.)

The great weight of authority seems to be that a part payment by note starts the statute to running anew from its date. London and S. F. Bank v. Parrott et al., 58 Pac. 164 (Calif.);

Pracht v. McNee, 18 Pac. 925 (Kan.); Florence and Cripple Creek R. Co. v. Tennant, 75 Pac. 410 (Colo.).

(In Reply).

The substance of this allegation in the answer, is an admission of a greater indebtedness, but which was compromised as claimed by defendant, by the acceptance of this note by plaintiff in full payment. This clearly was an affirmative defense, and if not maintained at the trial, was inconsistent with the plea of the statute of limitations.

What useful purpose could a reply serve? It would have been a repetition of what had been set forth in the complaint, bill of particulars and the answer of the defendant.

In California and Nevada no reply is necessary. In New York, North Carolina, South Carolina, North and South Dakota, Minnesota, Arkansas and Wisconsin no reply is required, except to a counterclaim or set-off, although in some of these states the court, on motion, may require a reply to new matter. In Indiana, Kansas, Missouri, Nebraska, Ohio and Oregon a reply is required to all new matter set forth in the answer. Kentucky seems to require the common law cross-pleading. Bliss Code Pl. Sec. 393; Hopkins v. Cothran, 17 Kas. 173; Foley v. Alkire, 52 Mo. 317.

The court will always endeavor to save the rights of the parties by considering a reply waived by the defendant where the case is tried upon the theory that the new matter in the answer is denied. Payne v. Briggs, 8 Neb. 75.

*Walker & Gurley,* for Respondent.

"Where the statute is set up in the answer as a defense the facts relied on in avoidance of the statute must be pleaded in a reply, or they must be pleaded as an amendment to the complaint." 25 Cyc. p. 1416, and cases cited; Maurys, Admr. v. Masons, Admr. (Ala.) 8 Port., 211; State Bank v. Conway, 13 Ark. 344.

"Where the statute of limitations is set up as a defense in the answer, complainant cannot rely on any grounds of exception to the statute which are not alleged either in the original bill or in the amendment thereto." Harding v. Durand, (Ill.) 28 N. E. 948, reversing 36 Ill. App. 238; Strong v. State, 57 Ind. 428;

Union Bank v. Planters Bank, (Md.) 31 Am. Dec. 113; Mc-Cullough v. Norris, 5 Pa. 285; Switzer v. Noffsinger, 82 Va. 518; Lewis, Exr. v. Bacons, Legatee, (Va.) 3 Hen. & M. 89; Baltimore & Ohio R. R. Co. v. Faulkner, 4 W. Va. 180; Harding v. Duran, (Ill.) 28 N. E. 948; Maurys, Admr. v. Masons, Admr., (Ala.) 8 Port. 211; Beard v. Simmons, 9 Ga. 4; Jessup v. Epping, 66 Ga. 334; Jones v. Eisler, 3 Kan. 134; Bloodgood v. Bruen, 8 N. Y. 362; Pierce v. Merrill, (Cal.) 61 Pac. 64; Edwards v. Bates, Ct. Ct., 55 Fed. 436; Phares v. Walters, 6 Ia. 106; Worthy v. Johnson, 8 Ga. 236; Hoyt v. McNeil, 13 Minn. 390; Howell v. Howell, 15 Wis. 55; Flemming v. Flemming, (S. Car.) 26 Am. St. Rep. 694; Yesler v. Oglesbee, 1 Wash. Terr. 604.

Our statute of limitations, so far as applicable to the case at bar, is almost an exact copy of the original English statute of limitations, 21 Jac. 1c 16, as amended by Lord Tenderdon's act.

As construing these acts, we cite the court of Kings Bench in Marrico v. Richardson, decided in 1908, and reported in 2 K. B. 584, s. c. 15 Am. Cas. 329; Hollis v. Palmer, 29 E. C. L. 464; Cashmer King Supply Co. v. Dowd, 146 N. Car. 191, s. c. 14 Ann. Cas. 211; Fleming v. Hayne, 2 E. C. L. 144.

In 25 Cyc. 1371, the rule is laid down as follows:

"A part payment to be effectual to interrupt the statute must be voluntary and free from any uncertainty as to the identification of the debt on which it is made. It must also be made as part payment of a larger debt, and be so accepted by the creditor, and made under such circumstances as are consistent with an intent to pay the balance. The burden of proof is on the creditor to show such intent—mere payment of a part without anything being said as to the balance will not take a case without the statute." See cases cited. Also: Chadwick v. Cornish, (Minn.) 1 N. W. 55; Anderson v. Robertson, 24 Miss. 389; Crow v. Gleason, 141 N. Y. 489; Burdick v. Hicks, 51 N. Y. Supp. 789.

So payment without anything being said as to the balance is insufficient to interrupt the statute. Livermore v. Rand, 26 N. H. 85; Hussey v. Burgyne, 51 N. C. 385; Locke v. Wilson, (Tenn.) 10 Heisk. 441. To the same effect is the case of Lawrence v. Baker, 44 Hun. (N. Y.) 582.

A part payment without further evidence of a promise to pay the balance before the time limited has expired will not 'take the case out of the statute.   Fairbanks v. Dawson, 9 Cal. 89; Folk v. Russell, 66 Tenn. 591; Smith v. Westmorland, 20 Miss. 663; Tillard v. Hall, (Tex.) 32 S. W. 863; Locke v. Wilson, 57 Tenn. 441; Drouillard v. Wilson, 1 Ohio Dec. 555; Bouee v. Gano, 9 Hun. (N. Y.) 6; Royston v. May, 71 Ala. 398; Austin v. McClure, (Vt.) 15 Atl. 161; Jones v. Langhorne, (Colo.) 34 Pac. 997; Prenatt v. Runyon, 12 Ind. 174; Hussey v. Burgwyn, 51 N. C. 385; Pickett v. King, (N. Y.) 34 Barb. 193; Arnold v. Downing, (N. Y.) 11 Barb. 554; Brisbin v. Farmer, 16 Minn. 215; Jewett v. Petit, 4 Mich. 508; Prenatt v. Runyon, 12 Ind. 174; Hale v. Morse, 49 Conn. 481; Burr v. Burr, 26 Pa. 284.

General payment.

Effect of where debtor owes creditor several distinct accounts.

"Where there are two (or more) clear and undisputed debts the case is not taken out of the statute as to either debt, by evidence of a part payment within six years, not specifically appropriated to the one debt or the other."   Lyle v. Essner, (Wis.) 73 N. W. 1008.   Citing, Burn v. Boulton, 52 Eng. C. L. 476; Pond v. Williams, (Mass.) 1 Gray, 630.

Where there are several accounts a part payment to take the case out of the statute must be a payment on the specific debts, and not a mere payment "on account."   Bell v. Crawford, (Va.) 8 Grat. 110; Livermore v. Rand, 26 N. H. 85; Beeker v. Oliver, 49 C. C. A. ·533; McBride v. Noble, 40 Colo. 372; Taylor v. Foster, 132 Mass. 30; Thomas v. Carey, 26 Colo. 485; Foster v. Dawber, 6 Exch. (Eng.) 838; 25 Cyc. 1079.

This finding (as to $1,000.00 note) is far from a finding by the jury that the note was given as a part payment on the preceding items, and under such circumstances accompanied with such independent acts and promises as would raise a clear presumption of an admission of the balance and a promise to pay; and, as to this issue, it was not required of defendant to meet, as no where in the pleadings of plaintiff was there any claim or intimation that his note would be relied upon by it as a fact tolling the statute.

As to this, see cases cited supra, and particularly: Flemming v. Flemming, (S. Car.) 26 Am. St. Rep. 694; Yesler v. Oglesbee, 1 Wash. Terr. 604.

There was no evidence of any application of the $1,000.00 covered by the note, or any other payments, to any specific items. Appellant maintains that, as there was no evidence of application, the law will save all the items by the payment being applied on each item. See cases cited supra, on this point. Also, Burn v. Bolton, 2 C. B. 476; Wolford v. Cook, 71 Minn. 77; Mills v. Fawkes, 5 Bing (N. C.) 455; Nippetts v. Heane, 1 Cromp. M. R. 252; Armistead v. Brooks, 18 Ark. 521; Ramsey v. Warner, 97 Mass. 8; Pond v. Williams, 1 Gray (Mass.) 630; Blake v. Sawyer, 83 Me. 129.

McCOY, P. J. On November 26, 1909, plaintiff commenced this suit against defendant to recover a balance of $1,124.32 claimed to be due upon an account consisting of numerous items of both debit and credit. As shown by the bill of particulars, the debit charges against defendant commenced April 23, 1901, and ended April 26, 1904; the last item being $97.50 cash claimed to have been advanced by plaintiff for defendant on that date. All the debit items charged against defendant accrued more than six years before the commencement of the action, with the exception of the last item of $97.50. The items charged against defendant amounted in the whole to $4,119.51. The credit items in favor of defendant amount in the whole to $2,995.19, thus leaving an apparent balance of $1,124.32 in favor of plaintiff. All the credit items accrued more than six years before the commencement of the suit, excepting the last five, which are as follows: March 25, 1904, note $1,000; same date, check for $32.79; same date, currency $10; March 30, 1904, check, $16.15; same date, check, $38.63. So far as affects the question presented on this appeal, defendant by way of answer interposed the following defenses: (1) The statute of limitations against the entire account; (2) alleged that the $1,000 note of March 25, 1904, was given by defendant and accepted by plaintiff in full settlement and satisfaction of the entire account; (3) pleaded that the item of $97.50 was paid by the last four items on the credit side, that said last four

items on the credit side were paid by defendant and accepted by
plaintiff as payment and satisfaction of the said last item of $97.50
on the debit side.  On the trial plaintiff offered testimony tending
to show that the $1,000 note was given only as a part payment to
be applied on the balance then unpaid on said account, and the
record shows that thereafter the said note was paid in full by
defendant.  Defendant also offered testimony tending to show that
the item of $97.50 was paid and satisfied by the last four items
on the credit side of the account and was so understood and in-
tended, and that said debit charge of $97.50 and said last four
credit items never were in reality any part of the said account.
The jury found a general verdict in favor of plaintiff for $1,026.82;
this being the balance of the account as claimed by plaintiff less
the item of $97.50.  The court also submitted to the jury special
interrogatories or findings to be answered by the jury in addition
to the general verdict.  One interrogatory was as follows: "Was
the thousand dollar note of March 25, 1904, given by Mr. Han-
skutt and received by McCarthy Bros. Co. in full settlement and
payment of all items in this bill of particulars of date prior there-
to?"  Which interrogatory the jury answered, "No."  Another
interrogatory was as follows: "Did the plaintiff advance for de-
fendant this last item of $97.50, in the bill of particulars of April
26, 1904?"  Which interrogatory the jury answered, "No."  These
are the only interrogatories material to the questions on this ap-
peal.  Thereafter the defendant moved the court for judgment
against plaintiff, dismissing plaintiff's action notwithstanding the
general verdict; said motion being based upon the pleadngs, plain-
tiff's bill of particulars, all the files and records in the cause, the
evidence taken therein, and the special findings of the jury in
answer to the interrogatories submitted.  Upon the hearing of
said motion the court rendered judgment and made order reciting:
"And the court having considered the pleadings, bill of par-
ticulars, evidence, and verdicts, and finding as a matter of law that
all right of action of plaintiff, if any, was barred by limitations
prior to the commencement of this action, said motion of defendant
is hereby sustained.  It is therefore ordered and adjudged that
plaintiff's action be, and the same hereby is, dismissed upon its

merits." To this ruling and action of the court the appellant excepted and now assigns the same as error. We are of the opinion that appellant is right in its contention, and that the court erred in dismissing plaintiff's cause of action, and that the court should have rendered judgment in favor of plaintiff in accordance with the general verdict. There is no inconsistency between the general verdict and the special findings above referred to. By deducting the amount of $97.50 from the balance of $1,124.32 claimed by plaintiff, the jury in effect found that plaintiff had not advanced said item, the same as found by the special verdict. By the general verdict the jury also found in effect that the $1,000 note was given as a partial or part payment of the account, and to the same effect as found by the special verdict.

[1] The only theory upon which the finding of the court can stand is that the giving of the said note did not toll or suspend the operation of the statute of limitations. If the note was not in the case at all, then the ruling and judgment of the court were correct. But the finding of the jury was that this note was given and accepted as a partial payment on said account, and the record shows that before the beginning of this action the said note was by defendant paid in full. We are of the opinion that the giving of this note and the payment of the same had the effect of tolling and staying the statute of limitations as to the whole account. It is not necessary that a payment, in order to toll the statute, should be made in money. Anything of value may be given by the debtor and accepted in payment by the creditor and will be sufficient, provided, however, it is accepted as part payment only and not full payment. The note of the debtor is sufficient. 25 Cyc. 1379; Pacht v. McNee, 40 Kan. 1, 18 Pac. 925.; Adams v. Tucker, 6 Colo. App. 393, 40 Pac. 783; Block v. Dorman, 51 Mo. 31.

[2] "A part payment, to be effectual to interrupt the statute, must be voluntary and free from any uncertainty as to the identification of the debt on which it was made. It must also be made as a part of a larger debt, and be so accepted by the creditor, and made under such circumstances as are consistent with an intent to pay the balance, which intent must be determined by the jury.

The burden of proof is on the creditor to show such intent, and the language used at the time of the payment is admissible to show the intent with which it is made." 25 Cyc. 1371; Gaffney v. Mentele, 23 S. D. 38, 119 N. W. 1030.

[3] In Gillingham v. Brown, 178 Mass. 417, 60 N. E. 122, 55 L. R. A. 320, under a statute in effect the same as section 79, Code Civ. Pr., providing that no acknowledgment or promise shall be evidence of a new contract to take a promise out of the statute of limitations unless in writing, but nothing in it shall alter or take away the effect of a part payment, the court held that such statute does not exclude all parol evidence bearing upon the new promise by way of part payment, that the intent with which the part payment is made may be determined from surrounding circumstances and by statements of the parties made at the time.

[4] J. H. McCarthy, president of plaintiff, testified, in substance: We had been pressing defendant for some time to pay his account. He wrote us he was coming up and would fix up. We expected to have him settle in full by giving a note for part and cash for the balance. When he arrived, he only wanted to give a note in settlement. We insisted on him paying cash. He said he was unable to do so at that time, as collections were slow. Finally he said: "I will give you a note for $1,000. The balance I will pay during the summer when collections are better." Which we accepted.

Under the verdict of the jury, for the purposes of this appeal, this testimony must be taken as true, and which was amply sufficient to remove the bar of the statute as to the entire account by the giving and payment of said note.

It is contended by respondent that the pleadings were not sufficient to raise or present the question of the tolling of the statute of limitations, in this, that it was necessary for plaintiff to plead the facts upon which the statute might be tolled. We are of the opinion this contention is not tenable.

[5] The statute of limitations as a defense is only available by affirmative answer. A plaintiff would not be required to anticipate that defendant would plead the statute to the cause of action alleged in the complaint.

[6] When a defendant by his answer pleads the statute as a defense, it is not such an answer as would require plaintiff to reply thereto, unless by order of the court on application of defendant. Section 130, Code Civ. Pr. Where defendant takes no steps to compel a reply to matter in avoidance not constituting a counter-claim, evidence to defeat the operation of the statute of limitations is admissible without formal reply; the law deeming for the purposes of the trial that such answer has been properly replied to. This was the situation in this case, and the evidence of the giving of the note as part payment on the account sued upon was properly before the court for the purpose of suspending the operation of the statute of limitations.

We do not desire to be understood as holding by this decision that the sufficiency of the evidence to sustain a verdict, either general or special, may be reviewed on a motion for judgment non obstante veredicto. This question has not been raised by the record in this case.

The order and judgment appealed from are reversed and set aside, and the lower court directed to enter judgment in favor of plaintiff in accordance with the general verdict.

HANEY, J., Dissenting.