TAYLOR, Respondent, v. ASHDOWN, et al, Appellants.

(244 N. W. 541.)

(File No. 7339. Opinion filed October 10, 1932.)

*Harlan J. Bushfield,* of Miller, for Appellants.

*M. Harry O'Brien,* of Highmore, for Respondent.

POLLEY, J. This action is brought for the recovery of a balance due on a promissory note. The note was dated on the 1st day of March, 1920. The amount of the note is $6,960, and was payable on or before the 1st day of March, 1925. The action was not commenced until the 7th day of April, 1931, six years, one month and seven days after the due date of the note. The answer admits the execution of the note, and as a defense thereto pleads the six-year statute of limitations (Rev. Code 1919, § 2298). The defendants Alfred Ashdown and Cora O. Ashdown were residents of the state of Iowa at the time of the execution of the note, and did not spend more than two years in this state during the entire time between the due date of the note and the commencement of the action. The other four defendants were at the time of the execution of the note and at all times thereafter residents of Hyde county in this state. The note was given in payment or part payment of a quarter section of land in Hyde county. Walter Ashdown paid the interest on the said note every year from the execution of the note down to the 1st day of March, 1930. He also paid on the principal $960 on the 8th day of March, 1924, and $200 on the 8th day of March, 1926. None of the other parties who signed the note ever made any payments thereon, either principal or interest, or ever contributed anything to such payments or authorized any one to make any payment on said note for them. The court held that as to R. B. Ashdown, Blanche Ashdown, and Sadie Ashdown the action was barred by the statute of limitations, and as to them dismissed the action at plaintiff's cost. The court held that the payments made on the note by Walter Ashdown tolled the statute as to him, and that, Alfred and Cora Ashdown being nonresidents of the state, the statute of limitations was tolled as to them.

Appellants claim that the fact that defendants Alfred and

Cora Ashdown were without the state during the greater portion of the six-year period next after the maturity of the note should not be held to toll the statute as to Alfred Ashdown, because during all of the time from the execution of the note down to the commencement of the action he owned unincumbered real estate within Hyde county of more than sufficient value to have paid the entire amount of the note.

In support of this contention appellants cite and rely upon Froelich v. Swafford, 35 S. D. 35, 150 N. W. 476, 479, 893, but the cases are not analogous. That was an action to foreclose a junior mortgage on real estate and to redeem from a senior mortgage on the same property. This court held by a divided court that the absence of the defendant did not toll the statute because: "No personal judgment for deficiency upon foreclosure was sought, and therefore the courts of this state could, at any time after his right to foreclose arose, have granted him all the relief he seeks—both that pertaining to redemption and to foreclosure—and could have granted all this relief, though personal service * * * could not have been made upon a single defendant."

And it appears to be quite generally held that, in actions where personal service on the defendant is not essential, absence from the state by the defendant does not toll the statute. Gartrell v. Stafford, 12 Neb. 545, 11 N. W. 732, 41 Am. Rep. 767; Sage v. Hawley, 16 Conn. 106, 41 Am. Dec. 128; Taylor v. McGill, 6 Lea (Tenn.) 294; Hogaboom v. Flower, 67 Kan. 41, 72 P. 547. But no case has been called to our attention that holds that the mere ownership of property in the state where the action is brought takes the case out of the statute. And in 37 C. J. 992, the general rule is stated as follows: "Where the statutory exception relates merely to personal presence, the presence or absence of property is not material and the fact that the absent debtor has property in the jurisdiction will not take the case out of the saving clause."

Section 2265, Rev. Code 1919, provides that: "If, after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

The fact that the defendant had property within this state does not take him out of the exception named in the statute.

■ ■ It is the contention of appellant Walter Ashdown that the $200 payment made by him on the 8th day of March, 1926 (within six years prior to the commencement of the action), and the interest payments made by him thereafter were not sufficient to suspend the operation of the statute, and that as to him the action was barred. In support of this contention appellant cites and quotes from McCarty Bros. Co. v. Hanskutt, 29 S. D. 535, 137 N. W. 286, 288, Ann. Cas. 1914D, 889, as follows: "A part payment to be effectual to interrupt the statute, must be voluntary and free from any uncertainty as to the identification of the debt on which it was made. It must also be made as a part of a larger debt, and be so accepted by the creditor, and made under such circumstances as are consistent with an intent to pay the balance, which intent must be determined by the jury. The burden of proof is on the creditor to show such intent, and the language used at the time of the payment is admissible to show the intent with which it is made."

We believe these requirements are fully met by the facts in this case. This appellant testified that, when he paid the $200, he told the plaintiff "that I was only able to pay him this $200 and it was not very much but that was the best I could do and when I paid him the interest during the several years, I told him substantially the same thing."

In Brown's Adm'r v. Osborne, 136 Ky. 456, 12 S. W. 405, 406, it is said: "An unqualified and unconditional payment made upon a debt is the very best evidence of its justice, and has the same effect as would an express acknowledgment that the debt was just or an express promise to pay. It is sufficient to sustain a new action if the debt is barred by the statute at the time the payment is made, or to cut off the time before the payment is made, if the debt is not then barred."

From the testimony of this defendant, it is clear that the $200 payment, as well as the interest payments, were made by him voluntarily and to be applied on the note in question. It was paid as a part of the debt evidenced by the note and without any conditions of any kind whatever. Such a payment is the very best evidence of the debtor's intent to pay the balance, and has the same effect as would an express acknowledgment that the debt was just or an express promise to pay. Gaffney v. Mentele, 23 S. D. 38,

119 N. W. 1030; McCarthy Bros. Co. v. Hanskutt, 29 S. D. 535, 137 N. W. 286, Ann. Cas. 1914D, 889; Brown's Adm'r v. Osborne, supra.

ROBERTS and RUDOLPH, JJ., concur.

CAMPBELL, P. J., concurs in result.

WARREN, J., dissents.