HILLER, Appellant, v. McNAMARA, et al, Respondents.

(238 N. W. 570.)

(File No. 7179. Opinion filed October 26, 1931.)

C. E. Noel, of Highmore, for Appellant.
M. Harry O'Brien, of Highmore, for Respondents.

CAMPBELL, J. Plaintiff instituted this action in the court below to recover damages for trespass of animals, and the trial resulted in a verdict for the plaintiff. Thereafter, and within the statutory time, defendants gave notice of intention to move for a new trial, which notice of intention specified as the grounds of the intended motion all of the causes set forth in the statute (sec-

tion 2555, R. C. 1919), excepting only the cause mentioned in subdivision 3 of the statute "accident or surprise, which ordinary prudence could not have guarded against." Defendants sought to make their motion for new trial upon the minutes of the court and upon affidavits, and the same was brought on for hearing on August 6, 1929, at which time the motion itself specified as the reasons and grounds thereof: First, misconduct of the jury; second, newly discovered evidence; third, excessive damages; fourth, insufficiency of the evidence in various particulars stated; fifth, errors in law occurring at the trial, specifically enumerated. Some six months after the motion for new trial was submitted to the court, and on March 29, 1930, a purported order granting new trial was made, entered, and filed, which order, after the title, was as follows:

"The above matter coming on before the Court upon motion of the Defendants for a new trial, said motion being made upon the minutes of the Court, and the Court having heard the parties in relation thereto and being fully advised in the premises.

"It is hereby ordered that the motion for a new trial herein be granted and the verdict and judgment is hereby vacated and a new trial herein is granted.

"This order is based upon the minutes of the Court, Defendants notice of intention to move for a new trial and Defendants motion for a new trial, and upon all of the records herein."

From this order plaintiff has appealed and assigns error that the order does not set forth or specify the ground or grounds upon which it is based, does not set forth or specify any legal ground for the granting of a new trial, and does not show that it is based upon any ground or reason urged upon the motion for new trial.

Rule 30 for trial courts of record, which has been in effect for more than twelve years, reads as follows: "Contents of Orders Granting New Trials. The trial court, when granting a motion for new trial, shall, in its order, specify each and every ground upon which it bases such order; all grounds urged upon such motion and not specified in the order shall be deemed to have been overruled by the trial court." The rule has been considered at length and construed by this court in numerous cases, the most recent being Houck v. Hult, 58 S. D. 181, 235 N. W. 512, 515. The instant case is ruled by what is there said. The purported

order appealed from shows an entire lack of any effort to comply with the rule of this court. As stated in Houck v. Hult, supra, "An order granting a new trial, after an application therefor, is at the request and for the benefit of the moving party, and it is the duty of the moving party and the trial judge to see to it that such order complies in form, substance, and spirit with the statutes and rules of court." In Houck v. Hult, supra, and in Frank v. Ruzicka, 45 S. D. 49, 185 N. W. 371, this court, in the exercise of its judicial discretion, indulged the presumption that the failure of the trial judge to make his order granting a new trial conform with the rule was perhaps the result of inadvertence, and this court retained jurisdiction of the appeal and temporarily remanded the records to permit the correction and amendment of the order. In the instant case respondents have made no effort to have the record remanded and the order corrected, but have sought by their brief to maintain the sufficiency of the order as it now stands. Furthermore, the judge to whom the record was temporarily remanded in Frank v. Ruzicka, supra, for the correction of the order upon the assumption that his failure to comply with the rules of court in making the order originally was a mere inadvertence, was the same trial judge who made the order now appealed from. We see no valid ground for the exercise of such discretion in the instant case.

The order appealed from is therefore reversed.

POLLEY, P. J., absent and not sitting.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.