Mary J. BEACHEL, Individually, Mary J. Beachel, Next of Friend of Bradley Allen Beachel, a Minor; Gregory Scott Beachel, a Minor; and Paul Norman Beachel, a Minor; Plaintiffs–Appellees,

v.

Darin R. LONG and Delmar G. Long, Defendants–Appellants.

No. 86–712.

Court of Appeals of Iowa.

Jan. 27, 1988.

Robert R. Rush of Lynch, Dallas, Smith & Harman, Cedar Rapids, for defendants-appellants.

Lloyd E. Humphreys of Humphreys & Associates, P.C., Cedar Rapids, for plaintiffs-appellees.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

The defendants appeal a judgment entered upon a jury verdict awarding damages to the plaintiffs for injuries allegedly sustained in an automobile accident. The defendants contend that the district court erred in: (1) refusing to admit the plaintiffs' medical records on hearsay grounds; (2) overruling the defendants' motion for a continuance to obtain direct testimony on the content of these records; (3) preventing the defendants' expert from basing his opinion testimony on medical records prepared by other physicians; (4) permitting cross-examination of the defendants' expert on his membership in a tort reform task force; (5) allowing the deposition of the plaintiffs' expert and the subsequent introduction of that deposition at trial; (6) failing to give remedial instructions concerning alleged references at trial to the plaintiffs' economic hardships; (7) overruling the defendants' motion for mistrial based upon an alleged reference to their insurance coverage; (8) permitting certain opinion testimony by the plaintiff; and (9) failing to submit a special verdict form on the sudden emergency doctrine. Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. We affirm.

On December 21, 1981, Darin Long lost control of his car on an icy Linn County road and collided head on with a pickup truck driven by Mary J. Beachel. Although Beachel appeared to be relatively unscathed following the accident, she developed neck and back pains requiring treatment by a number of physicians. Beachel brought a negligence action, individually and as next friend of her three minor children, against Darin Long and the car's owner, Delmar Long. The initial trial on Beachel's action ended in a mistrial. The second trial resulted in a verdict for Beachel and her children.

I.

The defendants first contend that the trial court erred in not admitting into evidence the records from a clinic where Beachel received treatment (the Gundersen Clinic records). The court ruled that the records were inadmissible hearsay. The defendant argues that the records are admissible under the business records exception to the hearsay rule. See Iowa R.Evid. 803(6). We hold that the Gundersen Clinic records were properly excluded by the trial court. The foundation elements which must be proved prior to admission of the evidence under the business records exception are as follows:

(1) That it is a business record;

(2) That it was made at or near the time of an act;

(3) That it was made by, or from information transmitted by, a person with knowledge;

(4) That it was kept in the course of a regularly conducted business activity;

(5) That it was the regular practice of that business activity to make such a business record.

5A *Iowa Rules of Civil Procedure Annotated* 581 (1984). The records in this case were introduced through Kathy Callan, the assistant director of medical records at the Gundersen Clinic. She testified by deposi-

tion taken over the telephone. Having reviewed the relevant portions of the deposition, we hold that the defendant did not lay a complete and proper foundation for admission of the clinic records. Specifically, there is insufficient foundation to prove that the clinic records were made by, or from information transmitted by, a person with knowledge of the events recorded. Kathy Callan was never asked any question pertaining to whether the record entries were made by health care practitioners who had dealt with Mary Beachel and would therefore, have had sufficient knowledge to transmit information about her. Furthermore, the foundation was insufficient to establish that the record was kept in the course of a regularly conducted business activity. Callan was asked whether the entries in the record had "been made in the ordinary course of business." This question only inquires into whether the Gundersen Clinic has a regular practice of making such records. The question does not address the issue of whether the medical evaluations, of the type involving Mary Beachel, are a regularly conducted business activity at the Gundersen Clinic. The admission or exclusion of evidence rests within the trial court's discretion, and we will interfere with its evidentiary rulings only if an abuse of discretion has occurred. *State v. Williams*, 367 N.W.2d 310, 312 (Iowa App.1985). We see no reason to disturb the trial court's exclusion of the Gundersen Clinic records.

## II.

■ The defendants next argue that the trial court abused its discretion in not granting him a continuance during trial to obtain additional testimony regarding the Gundersen Clinic records. The continuance was sought by the defendants on the grounds that they were surprised by the court's ruling that the Gundersen Clinic reports were inadmissible. Trial courts have broad discretion in deciding whether to grant continuances and we will not interfere absent an abuse of discretion. *Dep't of Gen. Serv. v. R.M. Boggs Co.*, 336 N.W. 2d 408, 410 (Iowa 1983). Iowa Rule of Civil Procedure 183(a) states that "[a] continu-

ance may be allowed for any cause not growing out of the fault or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained." In the instant case, we find no abuse of discretion by the trial court. The defendants claim surprise by the exclusion of the Gundersen Clinic records. In light of the plaintiffs' pretrial motion in limine seeking to exclude the Gundersen Clinic records, we fail to see any surprise to the defendants. Thus, the trial court's denial of a continuance was not improper.

## III.

■ The defendants' third issue on appeal is whether the trial court erred in preventing Dr. John Koch, their expert witness, from basing his opinion testimony on medical records prepared by other physicians. The trial court restricted Dr. Koch's opinion to his own observations of Mary Beachel, the patient history he obtained, and X-rays and records of two other doctors. The court would not allow Dr. Koch to base his opinion on medical records prepared by any other doctors. Our law is clear that any error in the exclusion of evidence is harmless error, where the same evidence is subsequently admitted and considered by the finder of fact or trial court. *Kengorco, Inc. v. Jorgenson*, 176 N.W.2d 186, 189 (Iowa 1970). In the instant case, any error the trial court may have committed in restricting Dr. Koch's testimony was harmless since the record indicates that Dr. Koch testified that, even after the court's ruling, he was still able to render his expert opinion. As Dr. Koch was able to express his ultimate opinion as to the causation, extent, and source of the plaintiff's medical problems, we conclude that the defendants were not harmed by the court's ruling. We therefore will not disturb it.

## IV.

■ The defendants further contend that the trial court erred in permitting cross-examination of Dr. Koch concerning his membership in the Tort Reform Task Force of the Iowa Medical Society. The defendants argue that such questioning was prejudicial

and that it should not have been permitted. The scope of cross-examination is within the trial court's discretion and we will reverse only upon a showing of abuse of discretion. *State v. Cuevas,* 288 N.W.2d 525, 531 (Iowa 1980). In the instant case, the trial court found that the proposed cross-examination dealt with the credibility of the witness. Since the scope of cross-examination may be expanded to allow a showing of possible bias or credibility problem, see *id.* at 530, we find no abuse of discretion. Any prejudice to the defendants was outweighed by the probative value of inquiring into the witness's credibility.

### V.

The defendants' fifth assignment of error is that the trial court improperly permitted Dr. John Walker to testify by deposition as an expert witness at trial. Initially, the defendants claim that the designation of Dr. Walker as an expert was not timely and allowed no opportunity to have Dr. Walker's opinions reviewed by the defendants' medical expert, no opportunity to effectively cross-examine Dr. Walker, and no opportunity to examine X-rays taken by Dr. Walker. For these reasons, the defendants claim permitting Dr. Walker's testimony was prejudicial.

■ After being notified that Dr. Walker would be called as an expert witness, the defendants filed a motion to quash Dr. Walker's deposition. The court ordered that Dr. Walker's deposition should be taken as scheduled and offered to continue the trial if the defendants felt they needed additional time to prepare. The defendants chose to not take the continuance. Because they chose to not accept the continuance offered, we hold that the defendants have waived their contention on appeal that they were prejudiced by their inability to review Dr. Walker's opinions. *See State v. Givens,* 248 N.W.2d 86, 88 (Iowa 1976) (holding trial court was correct in overruling defendant's objection to use of report where court offered continuance and defendant refused it).

■ The defendants also argue that the trial court, in allowing Dr. Walker's testimony by deposition, disregarded Iowa Rule of Civil Procedure 144(c). Rule 144(c) states:

> Any part of a deposition, so far as admissible under the rules of evidence, may be used upon the trial or at an interlocutory hearing or upon the hearing of a motion in the same action against any party who appeared when it was taken, or stipulated therefor, or had due notice thereof, either:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (c) For any purpose, if the court finds that the offeror was unable to procure deponent's presence at the trial by subpoena; or that deponent is out of the state or more than one hundred miles distant from the trial, and such absence was not procured by the offeror; or that deponent is dead, or unable to testify because of age, illness, infirmity or imprisonment.

The defendants contend that the conditions of rule 144(c) were not met since the plaintiffs did not make efforts to procure the deponent's presence at trial by subpoena. We believe, however, that the trial court was within its discretion in allowing the use of the videotape deposition of Dr. Walker at trial. Iowa Rule of Civil Procedure 144(d) states that "[o]n application and notice, the court may also permit a deposition to be used for any purpose, under exceptional circumstances making it desirable in the interests of justice; having due regard for the importance of witnesses testifying in open court." When the deposition was taken, counsel for the defendants was present and thus, had sufficient notice that an evidentiary deposition was being taken. Furthermore, Dr. Walker made it clear during the deposition that he would not be available to testify at trial. We conclude that under these circumstances, Dr. Walker's testimony by deposition was permissible under rule 144(d).

### VI.

■ The defendants further argue that reversible error arose from references

made during trial to Mary Beachel's economic condition. They claim such efforts to put Beachel's economic condition before the jury were highly prejudicial. The defendants cite cases noting that references to the worth or poverty of a litigant are improper. *See Hackaday v. Brackelsburg,* 248 Iowa 1346, 1353, 85 N.W.2d 514, 518 (1957). At trial, the plaintiffs contended that their inquiries into Mary Beachel's financial condition were designed only to show her state of mind regarding her mental anguish over her poor financial status following the accident. Having reviewed the evidence objected to, we conclude that it dealt with Beachel's post-accident financial concerns and therefore, the trial court was within its discretion to allow it on the issue of mental anguish.

### VII.

■ The defendants' seventh assigned error is that the trial court erred in overruling their motion for a mistrial based on the alleged injection of insurance coverage into evidence. Generally, in a personal injury action, it is improper for the subject of the defendant's liability insurance to be raised before the jury. *See Evans v. Howard R. Green Co.,* 231 N.W.2d 907, 914 (Iowa 1975). In the instant case, on cross-examination one of the plaintiffs' witnesses, Dr. Donald Pattison, identified one of his office records and agreed that it stated, "The patient has released herself from treatment." After the defendants offered the exhibit in evidence, Dr. Pattison voluntarily stated, "We basically put that on our insurance forms to let the insurance company know that we aren't on intensive care at that point." In *Stewart v. Hilton,* 247 Iowa 988, 998, 77 N.W.2d 637, 643 (1956), a case involving a reference to insurance which was made "in good faith, without purpose to inject improper matter into the trial," the Iowa Supreme Court stated that "the fact that an irresponsive or inadvertent answer includes a reference to insurance will not be ground for declaring a mistrial." In the present case, we believe that Dr. Pattison's voluntary statement while being questioned by defense counsel was inadvertently made and was not meant to inject improper matter into the trial. We therefore find no abuse of the trial court's discretion in overruling the motion for a mistrial.

### VIII.

■ The defendants next contend that the trial court erred in permitting Mary Beachel's opinion testimony. The trial court allowed Beachel to testify as to why she had been grinding her teeth (which resulted in injury) and also to describe what a myelogram is. The defendants argue that Beachel was not qualified to express opinions on these matters. Iowa Rule of Evidence 701 states that:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

Since Beachel's answers to the questions posed were limited by the trial court to a layperson's description based on her own experience, observations, and perceptions, and the answers would be helpful to an understanding of her testimony, we see no reason to disturb the trial court's ruling.

### IX.

■ The defendants' final argument is that the trial court erred in failing to submit a special verdict form incorporating the defense of sudden emergency. The defendants admit that the trial court instructed the jury on the affirmative defense of sudden emergency. They contend, however, that by failing to submit a special verdict form on which the jury could make such a finding, the court's instruction was nullified. Iowa Rule of Civil Procedure 205 states that "[t]he court may require that the verdict consist wholly of special written findings on each issue of fact." This rule is permissive and not mandatory. The trial court has discretion regarding the form and content of instructions. *Carter v. Wiese,* 360 N.W.2d 122, 131 (Iowa App. 1984). We find no abuse of the trial

court's discretion in its decision to not submit a special verdict form along with the jury instruction on the defense of sudden emergency.

AFFIRMED.