Joyce M. **MILLER, Plaintiff and Appellant,**

v.

Anthony **HERNANDEZ, Defendant and Appellee.**

No. 18523.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1994.

Decided Aug. 3, 1994.

Mark V. Meierhenry of Danforth, Meierhenry & Meierhenry, Sioux Falls, for plaintiff and appellant.

James L. Hoy of Hoy and Hoy, Sioux Falls, for defendant and appellee.

GILBERTSON, Circuit Judge.

## ISSUES PRESENTED

### I.

DOES THE FAILURE OF THE CIRCUIT COURT TO USE A JURY VERDICT FORM ITEMIZING EACH CLAIMED ELEMENT OF DAMAGE VIOLATE SDCL 15–6–49(a) AND DENY THE PLAINTIFF HER RIGHT TO A FAIR TRIAL BY JURY?

### II.

BASED ON THE EVIDENCE, MUST THE JURY VERDICT IN FAVOR OF THE PLAINTIFF BE SET ASIDE AS AN INADEQUATE AWARD OF DAMAGES?

## FACTS AND PROCEDURE

On May 28, 1988 Joyce Miller (hereinafter Plaintiff) and Lynn Miller were injured in an automobile accident when struck by another vehicle driven by the Defendant. This action for personal injuries was instituted in May of 1991.

Prior to trial, a motion to sever the claims of Lynn Miller from those of the Plaintiff was granted by the court. Thereafter trial proceeded. At the close of the Defendant's evidence, a motion by the Plaintiff for a directed verdict as to the liability of the Defendant was granted.

The circuit court properly instructed the jury on each element of damage claimed by the Plaintiff. During the settlement of final instructions, the Plaintiff requested an itemized verdict form to require the jury to make a numerical finding on each claimed element of damage: costs incurred for medical care, costs for medical services reasonably certain to occur in the future, pain and suffering to date, future pain and suffering, lost wages, future lost wages, lost home services, future lost home services, loss of enjoyment of life, future loss of enjoyment of life and permanent partial impairment, both past and future. The circuit court denied this request and used a general verdict form.

The jury returned a verdict for the Plaintiff in the amount of $11,656.02. The Plaintiff timely moved for a new trial pursuant to SDCL 15–6–59(a)(5) "inadequate damages" and (7) "error of law occurring at the trial," on the theory that the damages awarded were "inadequate." The circuit court denied this motion for a new trial on August 26, 1993. This appeal follows.

## LEGAL ANALYSIS

### 1. This Court's Jurisdiction.

▪▪ The Defendant argues that the Plaintiff failed to properly move for a new trial and, in reality, abandoned it by failing to file a brief in support of the motion and failing to set the motion for a hearing. This argument fails in two respects. First, under SDCL 15–6–59(c), the obligation to set a hearing falls upon the court, not the moving party. Second, under SDCL 15–6–59(f) "a motion for a new trial shall not be necessary as a prerequisite to obtain appellate review as to matters specified in 15–6–59(a) ... (7)." *See also* SDCL 15–26A–8. The Plaintiff, having properly offered her proposed special verdict form and having objected to the general verdict form prior to the close of instructions, has preserved the issues she presents to the Court in her brief for appellate review.

### 2. The Right to Use a Special Verdict Form.

General verdicts and special verdicts have been in existence in this jurisdiction since 1877. However, the original use of a special verdict limited the jury to "find the facts only, leaving the judgment to the court." Revised Codes of the Territory of Dakota, Code of Civil Procedure, Art. V, § 260 at 557 (1877). A review of our reported decisions since that time establishes a use of general verdicts predominating over the use of special verdicts.

The use of special verdicts is now governed by SDCL 15–6–49(a)[1] and the use of special interrogatories with a general verdict is now governed by SDCL 15–6–49(b).[2] The issue of the interpretation of the current rule is a case of first impression in South Dakota.

There are three general views as to the use of special verdicts or their companions, special interrogatories with a general verdict. Some states, such as Texas, use them in many jury cases. 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2503 (1971). Most states which use this approach have done so by statute.[3] On the other hand, critics of this system have attacked it as unwarranted judicial meddling with the jury system.[4]

The middle ground, which is in accord with the literal wording of 15–6–49(a), makes the use of special verdict forms a matter of judicial discretion. When Rule 49 was adopted by this Court in 1966, we assume that this

Court at that time meant what it said and said what it meant. *Cf. Appeal of AT & T Information Systems*, 405 N.W.2d 24, 27 (S.D.1987).

SDCL 15–6–49(a) and (b) are the equivalent to Rule 49(a) and (b) Fed.R.Civ.P. *Mielitz v. Schmieg*, 461 N.W.2d 763, 765 (S.D.1990). Rule 49 is used in the Federal Courts and in many state courts. Thus, decisions by the Federal Courts and other states with the Federal Rules provide analytical assistance in interpretation of our state rule. *Mielitz, supra.* The Federal Rules have become similar to a uniform law. SDCL 2–14–13 states that a uniform law is to be interpreted and construed "as to effectuate its general purpose to make uniform the law of those states which enact it."

In *Orrison v. City of Rapid City*, 76 S.D. 145, 74 N.W.2d 489 (1956), we were called upon to interpret the method of use of spe-

**1.** The court *may* require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict. (emphasis added).

**2.** The court *may* submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered pursuant to § 15–6–58. When the answers are consistent with each other

but one or more is inconsistent with the general verdict, judgment may be entered pursuant to § 15–6–58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial. (emphasis added).

**3.** Alaska Stat. § 09.17.040 (West 1993); Fla.Stat. Ann. § 768.77 (West 1992); ILCS ch. 735, § 5/2–1109 (West 1993); Kan.Stat.Ann. § 60–249(a) (West 1992); Md.Code Ann., Cts. & Jud.Proc. § 11–109 (West 1993); Mass.Gen.Laws Ann. ch. 231 § 60F (West 1993); N.Y.Civ.Prac.L. & R. 4112 (West 1993).

**4.** Justices Black and Douglas dissented from the 1963 amendments to Rule 49. They would have abolished Rule 49 rather than amend it:

Rule 49 is but another means utilized by courts to weaken the constitutional power of juries and to vest judges with more power to decide cases according to their own judgments. A scrutiny of the special verdict and written interrogatory cases in appellate courts will show the confusion that necessarily results from the employment of these devices and the ease with which judges can use them to take away the right to trial by jury. We believe that Rule 49 be repealed, not amplified.

374 U.S. 861, 868; 83 S.Ct. 13, 45; 31 F.R.D. 617, 618–619; *Wright and Miller, supra*, at § 2503.

cial verdicts under SDC 33.1330, "the Court *may* direct the jury to find a special verdict ...," the predecessor to SDCL 15–6–49(a) "the court *may* require a jury to return only a special verdict...." (emphasis added). In *Orrison*, we held that the decision of the trial court on whether to use a special verdict form was subject to an abuse of discretion standard of review. *Id.* 74 N.W.2d at 495. Subsequently, the Eighth Circuit Court of Appeals in *Bartak v. Bell–Galyardt & Wells, Inc.*, 629 F.2d 523, 531 (8th Cir.1980), determined that both the current South Dakota rule, SDCL 15–6–49, and the identical Federal Rule 49, were based on an abuse of discretion standard.

■ The issue of the use of special verdicts and interrogatories is not analyzed in isolation. It has been held that when jury instructions comprehensively cover all material issues in a case, the trial court does not abuse its discretion by denying the request for use of Rule 49. *Wheeler v. John Deere*, 935 F.2d 1090, 1101 (10th Cir.1991).

■ For the above reasons, we interpret SDCL 15–6–49(a) to allow the determination to use a special verdict form and its contents, if used, to be within the sound discretion of the circuit court. Abuse of discretion refers to "a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Kanta v. Kanta*, 479 N.W.2d 505, 507 (S.D.1991).

An abuse of discretion will be measured by an objective reasonableness standard ... 'We are not to determine whether the judges of this court would have made an original like ruling, but rather whether we think a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.' Stated another way, a trial court's findings of fact and the subsequent

application of discretion shall not be disturbed unless there is clearly no basis in reason or evidence to support that finding.

*Matter of Estate of Donahue*, 464 N.W.2d 393, 394–95 (S.D.1990) (citations omitted.) [5]

Wright and Miller state that there is little specific criteria as to how a trial court should exercise its discretion in using or not using Rule 49. *Supra*, at § 2505. However, a review of case law and other recognized authorities establishes some helpful guidelines in this area.

■ Special verdicts are not favored in single issue or single party cases. Conversely, they can be helpful in cases concerning complex causes of action or multiple parties. *Wright and Miller, supra; Bartak*, 629 F.2d at 531.[6] Special verdicts are also of assistance in cases where the law is unsettled or is evolving. A special verdict makes it clear that the novel theory may have had no effect, or what effect it had on the jury's ultimate determination. This possibly allows corrective action by the trial court or an appellate court without the time and expense of another trial. *Wright and Miller, supra.*

■ Special verdicts are not justified for the "mere purpose of cross-examination of the jury to create error for the record." *Wright and Miller, supra.* If used, it should be for ultimate issues and not something akin to a Court's findings of fact in a court trial. *Wright and Miller, supra.* The text of Rule 49(a) states that questions should be drafted to be answered by the jury in a numerical figure or short answer rather than lengthy dissertations which may confuse the jury and unduly lengthen its deliberations. This Court has struggled with the issue of interpretation of inconsistent answers by a jury. *Mielitz*, 461 N.W.2d 763.

---

5. We note that some other jurisdictions have interpreted Rule 49 as allowing the trial judge virtually unlimited discretion in the use of special verdict forms. *See* Wright and Miller at § 2505. We reject such an interpretation as not in conformity with our established rules concerning the discretion of the circuit court and its standard for review by this Court.

6. The nature of the trial court's discretion under Fed.R.Civ.P. Rule 49 is demonstrated by *Bartak*. Therein the Eighth Circuit Court of Appeals held that it was not an abuse of discretion for the United States District Court for South Dakota to refuse to use special interrogatories under 49(b) in a case involving diverse theories of liability. However, since the case was being reversed for other reasons, the District Court was instructed on retrial to use the special interrogatories.

■ Special verdicts may also be helpful if it is necessary for the jury to determine if an award is tied to a date certain such as a statute of limitations, *Schoenrock v. Tappe*, 419 N.W.2d 197, 205 (S.D.1988) (Henderson, J., dissenting) (citing *McCarthy Bros. Co. v. Hanskutt*, 29 S.D. 535, 137 N.W. 286 (1912)), or the identity of the actual tortfeasor. *Martinez v. Union Pacific R. Co.*, 714 F.2d 1028, 1032 (10th Cir.1983). Lastly, special verdicts are appropriate where suggested or mandated by statute. An example is the matter of prejudgment interest where it is allowed on some types of damages and not allowed on others. *Cert. of Question from U.S. Dist. Court (Meyer v. Dixon Bros.)*, 369 N.W.2d 658, 659 (S.D.1985). Since *Dixon*, this distinction has been codified with the adoption of SDCL 21–1–13.1 which specifically points to such a procedure in the determination of prejudgment interest.[7]

■ This case is an auto accident resulting in personal injuries to the Plaintiff. There is a single defendant· and a single plaintiff. The issue of liability was taken from the jury by the circuit court leaving only the issue of damages. The jury was properly instructed on the Plaintiff's theories of liability. Such a case would ordinarily justify the circuit court in exercising its discretion in refusing to use a special verdict form such as was proposed by the Plaintiff. *Edwards v. Sears, Roebuck and Company*, 512 F.2d 276, 294–95 (5th Cir.1975). *See also Beachel v. Long*, 420 N.W.2d 482 (Iowa App. 1988); *Sabasko v. Fletcher*, 359 N.W.2d 339 (Minn.App.1984).

While we do not wish to belittle the unfortunate injuries suffered by the Plaintiff in this matter, neither can we allow the use of a general verdict to be precluded in the future merely by creative counsel artfully dressing up pleadings, even in a simple dog bite case, to allege multiple theories of recovery. *Cf. Boland v. City of Rapid City*, 315 N.W.2d 496, 503 (S.D.1982). Were we to adopt the

argument of the Plaintiff, then the only shred of discretion left to a circuit court would be those unusual cases where there is one plaintiff, one defendant and one cause of action. We can find no case interpreting Rule 49 which even comes close to this restrictive view of the authority of a trial court.

■ Plaintiff mentions in passing that, as this case was filed after July 1, 1990, under SDCL 21–1–13.2, prejudgment interest is governed by SDCL 21–1–13.1. *Honomichl v. Modlin*, 477 N.W.2d 599, 600 (S.D.1991). Plaintiff would be entitled to prejudgment interest for economic losses such as medical care and lost wages prior to trial. On the other hand, the future medical costs, past and present pain and suffering, future lost earnings, past and future loss of enjoyment of life and consortium and future disability are not subject to prejudgment interest.

■ The general verdict form used by the circuit court does not allow this Court to determine what, if any, damages were awarded by the jury on each type of damage claimed which may or may not be subject to prejudgment interest. Early on in discussing jury instructions, the circuit court and counsel talked about the effect of SDCL 21–1–13.1 on this case. After Plaintiff's original request for a special verdict form was denied, counsel and the circuit court agreed to use a 49(b) special interrogatory to settle the interest matter. Unfortunately this was not done. The Plaintiff failed to call this oversight to the attention of the trial court during jury deliberations or when the verdict was received and the jury still impaneled. Instead, Plaintiff merely requested that the jury be polled concerning the amount of the verdict. Plaintiff failed to raise the interest issue in post-trial motions to the circuit court. Plaintiff further failed to specifically assign this as a legal issue in its brief to this Court. We find Plaintiff has waived the issue of prejudgment interest both by her failure to timely

7.  These situations may also call for consideration by the circuit court of the use of written interrogatories with a general verdict under SDCL 15–6–49(b) in lieu of a 49(a) special verdict or a general verdict. Wright and Miller characterize the use of written interrogatories with a general verdict as a middle ground between the use of

special verdicts and a general verdict. *Supra,* at § 2511. They state that the use of 49(b) "has aroused less controversy." *Supra,* at § 2503. The use of 49(b) special interrogatories was cited approvingly by this Court in *Stormo v. Strong,* 469 N.W.2d 816, 825 (S.D.1991).

point out this problem to the circuit court while the jury was still impanelled, *Platt v. Rapid City,* 67 S.D. 245, 291 N.W. 600, 604 (1940), and by her failure to properly raise the issue before this Court. *See* SDCL 15–26A–60(4) and (5); and *Graham v. State,* 328 N.W.2d 254, 255 n. 2 (S.D.1982).

### 3. Must the Jury's Award be Set Aside as Inadequate?

■ Finally, the Plaintiff argues that the jury's verdict cannot stand as it is inadequate and thus it is grounds for a new trial. SDCL 15–6–59(a)(5). Plaintiff claims that the Defendant admitted in its closing argument to the jury that the Plaintiff had sustained at least $25,000.00 in damages. *See* SDCL 16–18–11. What defense counsel actually stated was:

> I submit to you, ladies and gentlemen, if you will fairly take this to the jury room, you keep your own experiences, you discuss all of this, realizing that it's your business and how you do it is your business. But any award, ladies and gentlemen, in my opinion that would exceed $25,-000 is not in any way, shape or form supported by any evidence upon which you have taken an oath as jurors to decide this case.

We do not view this as either an admission or stipulation that Plaintiff sustained $25,000.00 in damages.

■ This Court is not free to reweigh the evidence or gauge the credibility of the witnesses. *Darrow v. Schumacher,* 495 N.W.2d 511, 516 (S.D.1993); *Denke v. Mamola,* 437 N.W.2d 205, 207 (S.D.1989). The Plaintiff incurred $4,028.02 in medical bills prior to trial. The jury awarded her $11,656.02. If the jury's verdict can be explained with reference to the evidence, rather than by juror passion, prejudice or mistake of law, the verdict should be affirmed. *Itzen v. Wilsey,* 440 N.W.2d 312, 314 (S.D.1989). Viewing the evidence in a light most favorable to the verdict, we cannot say that the jury's award was a result of passion or prejudice or that the jury has palpably mistaken the rules of law by which damages in this case are to be measured. *Itzen, supra.*

## CONCLUSION

The judgment is affirmed.

WUEST and HENDERSON, JJ., concur.

SABERS and AMUNDSON, JJ., dissent.

GILBERTSON, Circuit Judge, for MILLER, C.J., disqualified.

SABERS, Justice (dissenting).

I dissent. It was an abuse of discretion for the circuit court to deny Miller's request to use an itemized verdict form. This is especially so when one considers that once the circuit court granted Miller's motion for a directed verdict as to the liability of Hernandez, only the issue of damages remained to be resolved. Under these circumstances, it would be relatively simple for the jury to resolve these additional questions without any undue prejudice to Hernandez. Therefore, Miller was "entitled to have the jury's expression as to what items of damage for which allowance was made; and how much was given for each item for which allowance was made." *Curtis v. Schwartzman Packing Co.,* 61 N.M. 305, 311, 299 P.2d 776, 782 (1956). As noted in the conference opinion, "[t]he general verdict form used by the circuit court does not allow this Court to determine what, if any, damages were awarded by the jury on each type of damage claimed which may or may not be subject to prejudgment interest."

In *Stormo v. Strong,* 469 N.W.2d 816, 825 (S.D.1991), defendants appealed the jury instruction on the reasonable value of necessary home health care services. In noting that testimony should have been presented on the reasonable value of the home health care services provided, we advised trial courts "in cases such as this to submit special interrogatories to the jury regarding the amount awarded for each element of damages. *Such a practice would eliminate confusion over what part of the award, if any, was for such services, and aid in meaningful appellate review." Id.* (Emphasis added.) As in *Stormo,* the submission of an itemized verdict form to the jury would have eliminated confusion over what damages, if any, were awarded by the jury on each of the types of

damages claimed and "aid in meaningful appellate review." *Id.*

Additionally, I do not agree that the "Plaintiff has waived the issue of prejudgment interest both by her failure to timely point out this problem to the circuit court while the jury was still impanelled [ ] and by her failure to properly raise the issue before this Court." Miller requested an itemized verdict form and argued under Issue III (Whether the use of a general verdict form prevents meaningful appellate review of a damage award?) that: "The itemization of damages takes on further significance in determining a proper prejudgment interest calculation. The use of a special verdict form would eliminate the need for special interrogatories when determining prejudgment interest awards." *See Meyer v. Dixon Bros., Inc.,* 369 N.W.2d 658, 661 (S.D.1985) ("If a tort-plaintiff desires prejudgment interest on permissible damage items under SDCL 21–1–13, he or she must request that special interrogatories be submitted to the jury which outline the type, amount, and date of occurrence of damages found by the jury.").

AMUNDSON, J., joins this dissent.