1998 SD 50

**Marie BEDNEY, Plaintiff and Appellee,**

v.

**Scott HEIDT, Defendant and Appellant.**

**Nos. 20178, 20197.**

Supreme Court of South Dakota.

Considered on Briefs April 27, 1998.

Decided May 20, 1998.

Steven M. Christensen, Deadwood, for plaintiff and appellee.

William A. May of Costello, Porter, Hill Heisterkamp and Bushnell, Rapid City, for defendant and appellant.

SABERS, Justice.

[¶ 1.] Defendant in personal injury action appeals the grant of plaintiff's motion for new trial. Plaintiff cross-appeals the judgment entered on the jury verdict. We affirm the judgment and reverse the order granting the motion for new trial.

**FACTS**

[¶ 2.] On April 27, 1995, Scott Heidt drove his vehicle into the back end of the automobile in which Marie Bedney was seated. Bedney sued Heidt, claiming he was responsible for injuries to her neck and back.

causing City to seek injunctive relief or otherwise    protests that change remains to be seen.

Heidt stipulated to liability but disputed the extent to which this collision caused her damages, claiming they resulted from a July 1, 1994 motorcycle accident in which Bedney was injured.

[¶ 3.] Bedney presented evidence and testimony in an attempt to prove she was healed from the motorcycle accident, that she was permanently injured in the automobile accident, that her current medical bills were $10,000, and future medical bills were $90,000 to $108,000. Additionally, Bedney testified to lost earnings of $800 to $1,000.

[¶ 4.] Heidt attempted to counter her claims through cross-examination of Bedney's witnesses, and through the testimony of Dr. Maruyama, who conducted an independent medical examination (IME) on Bedney. The IME was conducted approximately two weeks prior to trial and Dr. Maruyama's deposition was taken eight days prior to trial. On the first day of the two-day trial, Bedney requested the X-rays taken by Dr. Maruyama, who then sent them by overnight delivery to one of Bedney's chiropractors. Bedney did not offer or use these at trial.

[¶ 5.] After hearing all of the testimony, the jury returned a verdict of $800. Bedney made a motion for new trial, based on the following grounds: 1) that the X-rays taken by Dr. Maruyama constituted newly discovered evidence; 2) that the $800 verdict was inadequate and unsupported by the evidence; 3) that defense counsel made improper remarks during closing argument; and 4) that the trial court erred by giving jury instruction # 6, a non-pattern jury instruction submitted by Heidt.

[¶ 6.] At the motion hearing, Heidt questioned whether the statutory time in which a new trial motion must be ruled upon elapsed. The parties presented arguments on this point at a later hearing on Heidt's motion for relief from the order granting the new trial. The trial court ruled that it had jurisdiction to issue the order and Heidt appeals. Bedney filed a notice of review and now attempts to argue the same four grounds raised in her motion for new trial.

[¶ 7.] **1. WHETHER THE TRIAL COURT HAD JURISDICTION TO RULE ON THE MOTION FOR NEW TRIAL AFTER EXPIRATION OF THE LIMITATION PERIOD.**

[¶ 8.] A party seeking a new trial must bring a motion in accordance with SDCL 15–6–59(b):

> The motion for a new trial stating the grounds thereof shall be served and filed not later than ten days after the notice of entry of the judgment.

> The court shall make and file the order granting or denying such new trial within twenty days after the service and filing of such motion, unless for good cause shown, the court files an order within said twenty days extending the time for entering such order. If a motion for new trial has not been determined by the court and no order has been entered by the court extending the time for such ruling within twenty days from the date of service and filing of such motion, it shall be deemed denied.

Heidt argues the motion was "deemed denied" because the trial court neither ruled on the motion nor entered an order extending the time for such ruling within twenty days from the date of service and filing of the motion. Therefore, he argues, the trial court was without jurisdiction to rule on the motion.

[¶ 9.] It is undisputed that Bedney timely filed her motion for new trial within ten days after the notice of entry of judgment:

May 7, 1997: Notice of entry of judgment filed.

May 16, 1997: Motion for new trial filed.

The twenty-day requirement set out in SDCL 15–6–59(b) began to run on May 17, 1997, the first day after the motion was both served and filed.[1] Therefore, the final day by which the trial court could have ruled on

---

1. *See* SDCL 15–6–6(a), which provides in part:
   In computing any period of time prescribed or allowed by this chapter, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

the motion, in the absence of an order extending the time, was June 5, 1997. The court did not rule until June 9, 1997.

[¶ 10.] Bedney implies that the burden was on Heidt to alert the court that the limitation period was at issue before the time ran. She cites no authority to support this point. *Cf. Hiller v. McNamara*, 59 S.D. 148, 150, 238 N.W. 570, 571 (1931) (discussing forerunner to SDCL 15-6-59(g), which provides that order granting new trial must specify grounds upon which it is based):

> An order granting a new trial ... is at the request and for the benefit of the moving party, and it is the duty of the moving party and the trial judge to see to it that such order complies in form, substance, and spirit with the statutes and rules of court.

Nevertheless, Heidt's attorney raised the issue at the motion hearing on June 9:

> MR. MAY: Your Honor, could I just bring one thing up before ... the Court adjourns on that issue? I just wonder with respect to—SDCL 15-6-59(b) says that an order on a new trial has to be made within 20 days, and I'm not sure whether that's been complied with in this situation. Could the Court check its file to see if any order has been made in that regard?
>
> THE COURT: I can check.

[¶ 11.] At the later hearing on Heidt's motion for relief from the order granting the new trial, the parties argued the jurisdictional issue and the trial court ruled it could waive the twenty-day limitation period. *But see* SDCL 15-6-6(b) (providing the instances in which the court may enlarge the time in which an act must be completed and specifically excluding SDCL 15-6-59(b), except to the extent and under the conditions stated therein).

[¶ 12.] The law is well-established that the motion is deemed denied when the limitation period is not extended by order, and no ruling, oral or written, is made until after the expiration of the twenty-day limitation period. *See Uhlir v. Webb*, 1996 SD 5, ¶¶ 9–12, 541 N.W.2d 738, 739–40; *Schneider v. Yellow Wolf*, 480 N.W.2d 767, 769–70 (S.D.1992). Here, there is no showing that the trial court ever issued an order extending the time. *See Schmidt v. Royer*, 1998 SD 5, ¶ 18, 574 N.W.2d 618, 623 (holding that trial court's written direction to set the hearing outside the twenty days satisfied the requirement in SDCL 15-6-59(b) that the court enter an order within twenty days extending the time for ruling on the motion for new trial); *cf. Tunender v. Minnaert*, 1997 SD 62, ¶¶ 13–16, 563 N.W.2d 849, 852–53 (ruling that defendant was estopped from raising limitation defense after requesting continuance which resulted in hearing being held after twenty days elapsed).

[¶ 13.] Since the trial court was without jurisdiction to rule on the motion for new trial after June 5, 1997, its order granting the motion on June 9, 1997 is null and void and therefore reversed.

[¶ 14.] **2. WHETHER BEDNEY'S NOTICE OF REVIEW PRESERVES ALL OF HER ARGUMENTS FOR APPELLATE REVIEW.**

[¶ 15.] Bedney argues that she preserved her issues for our review by filing a notice of review, citing *Miller v. Hernandez*, 520 N.W.2d 266 (S.D.1994). In *Miller*, this court noted that under SDCL 15-6-59(f), "a motion for a new trial shall not be necessary as a prerequisite to obtain appellate review[.]" 520 N.W.2d at 268.

[¶ 16.] Bedney overlooks the basic requirement of SDCL 15-6-59(f):

> A motion for a new trial shall not be necessary as a prerequisite to obtain appellate review as to matters specified in § 15-6-59(a)(6) and (7),[2] and all of such

---

2. SDCL 15-6-59(a) provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:
>
> ...
>
> (6) Insufficiency of the evidence to justify the verdict or other decision or that it is against law;

> (7) Error of law occurring at the trial; provided, that in the case of claim of error, admission, rejection of evidence, or instructions to the jury or failure of the court to make a finding or conclusion upon a material issue which had not been proposed or requested, it must be based upon an objection, offer of proof or a motion to strike.

matters may be reviewed on an appeal from the judgment, regardless of whether a motion for a new trial has been made, *provided such matter has been submitted to the trial court as prescribed in § 15–26A–8.*

(Emphasis added). SDCL 15–26A–8 provides:

Such of the matters specified in subdivisions (6) and (7) of § 15–6–59(a) *as may have been timely presented to the trial court by motion for directed verdict, request for findings, or other apt motion, offer, or objection* may be reviewed on appeal from the judgment without necessity for an application for new trial.

(Emphasis added). *See Iversen v. Terriere,* 78 S.D. 478, 481, 104 N.W.2d 474, 475 (1960) ("It is the firm rule of this court that the issue must be presented to the trial court in one of the methods provided by [SDCL 15–26A–8]."). The methods described in SDCL 15–26A–8 do not include a motion for new trial. *Chambers v. Wilson,* 67 S.D. 495, 498, 294 N.W. 180, 182 (1940); *see also Kjerstad v. Ravellette Publications, Inc.,* 517 N.W.2d 419, 424 (S.D.1994) ("It is well settled that, insufficiency of the evidence may not be reviewed unless it has been timely presented to the trial court by a proper motion for a directed verdict, request for findings, or other apt motion, offer, objection, or exception.") (citations omitted).

[¶ 17.] Accordingly, since the trial court's ruling on the motion for new trial is a nullity, the only issues properly before us now are those upon which the trial court made an earlier ruling. *See Schoenrock v. City of Sisseton,* 78 S.D. 419, 426, 103 N.W.2d 649, 653 (1960):

Questions of insufficiency of the evidence described in subdivision 6 may be presented on appeal without the necessity of an application for a new trial if the questions by appropriate proceedings have been first presented *and decided* in the court below. SDC 33.0710 [now SDCL 15–26A–8]; SDC 33.1607 [now SDCL 15–6–59(f) ]; *Gednalski v. Dell Rapids Quarry Co.,* 70 S.D. 616, 20 N.W.2d 226; *Chambers v. Wilson,* 67 S.D. 495, 294 N.W. 180. SDC 33.1705 [now SDCL 15–6–50(b) ] provides in effect

that a motion for judgment notwithstanding the verdict may be made upon the same grounds as motion for directed verdict. The *ruling of the court* on such a motion when properly assigned as error *is subject to review upon appeal.*

(Emphasis added); 4 CJS *Appeal & Error* § 213, at 292–93 (1993) ("In order to be properly raised in the trial court so as to be preserved for appeal, a question must be raised in a timely manner. At the very least, the matter must have definitely been called to the attention of the trial court sufficiently to obtain a ruling thereon."). In *Miller,* the plaintiff preserved her issue by timely objecting to the general verdict form and offering a proposed special verdict form during settlement of instructions. 520 N.W.2d at 268. Of Bedney's four assignments of error (*see* ¶ 5), her claim that jury instruction # 6 was improper is the only alleged error raised, ruled on by the trial court, and thereby preserved.

[¶ 18.] **3. WHETHER BEDNEY ESTABLISHED THAT JURY INSTRUCTION # 6 WAS PREJUDICIAL ERROR.**

[¶ 19.] Bedney "has the burden to show not only that the instruction given was in error, but also that it was prejudicial error to the effect that under the evidence, the jury might and probably would have returned a different verdict." *Kuper v. Lincoln–Union Elec. Co.,* 1996 SD 145, ¶ 17, 557 N.W.2d 748, 755 (citations omitted).

[¶ 20.] Instruction # 6 stated:

Damages must [be] reasonable. If you should find that any of the parties in this case are entitled to a verdict, you must award that party only such damages as will reasonably compensate such party for any injury and damage you find, from a preponderance of the evidence in the case, has been sustained as a proximate result of the accident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

Bedney argues that the instruction was "unnecessarily one-sided and prejudicial to the

Appellee. It inferred she was asking for 'speculative' damages and damages which would not 'reasonably compensate' her." She cites no authority and she concedes that the "giving of this instruction would not by itself justify the granting of a new trial."

[¶ 21.] In view of Bedney's admission that this instruction, standing alone, does not warrant reversal, and her failure to cite authority, there is no showing that this instruction was prejudicial or an inaccurate statement of the law.[3] Bedney has not demonstrated that the trial court erred in giving the instruction.

[¶ 22.] The order granting Bedney's motion for new trial is reversed and the judgment entered on the verdict is affirmed.

[¶ 23.] MILLER, C.J., and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.

---

**3.** Although Bedney's claim that this is a "nonpattern" jury instruction is technically correct, S.D. Pattern Jury Instruction (Civil) § 34–01–(A) provides similarly as follows:

> To warrant a recovery of future damages for permanent injury, the future adverse effect of the injury must be shown with reasonable certainty.

In this connection, it is not necessary that the evidence show conclusively or without a shadow of a doubt, that the injuries are permanent and that the plaintiff will be continuously adversely affected thereby. On the other hand, mere conjecture, speculation, or even the possibility of permanent injury does not warrant the awarding of damages.