#27068-rev&rem-DG

**2015 S.D. 19**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

DONALD MCLAREN, in his capacity
as the personal representative of
the Estate of Karla McLaren,　　　　　　　　Plaintiff and Appellant,

　　　　v.

WESLEY SUFFICOOL, D.O.,　　　　　　　　Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE CRAIG A. PFEIFLE
Judge

* * * *

JAMES D. LEACH
Rapid City, South Dakota　　　　　　　　Attorney for plaintiff
　　　　　　　　　　　　　　　　　　　　and appellant.


LONNIE R. BRAUN
GREGORY J. BERNARD of
Thomas, Braun, Bernard & Burke, LLP
Rapid City, South Dakota　　　　　　　　Attorneys for defendant
　　　　　　　　　　　　　　　　　　　　and appellee.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 17, 2014

OPINION FILED 04/08/2015

#27068

GILBERTSON, Chief Justice

[¶1.] The Estate of Karla McLaren (Estate) appeals an order denying disbursements for video depositions in a medical malpractice action against Dr. Wesley Sufficool. We reverse and remand.

## Facts and Procedural History

[¶2.] Estate brought a medical malpractice action against Dr. Sufficool in connection with a surgery performed on Karla McLaren. During trial, Estate showed portions of video depositions of Dr. Sufficool and of Karla's treating physician, Dr. Grant. The verdict was for Estate. Estate sought $2,135.26 in disbursements for video depositions of Drs. Sufficool, Grant, and Fitzgibbons.[1] Dr. Sufficool objected based upon the duplication of costs in producing both transcribed and video depositions. A hearing was held. At the close of the hearing, the circuit court granted Estate the transcript costs for the depositions, but not the videographer or video costs. An order denying disbursements for the video depositions was filed on March 3, 2014. Estate appeals.[2]

## Issue

[¶3.] **Whether the circuit court abused its discretion in denying Estate disbursements for the video depositions.**

[¶4.] This Court "review[s] an award of disbursements under an abuse of discretion standard.'" *Fix v. First State Bank of Roscoe*, 2011 S.D. 80, ¶ 32, 807

---

1. Dr. Fitzgibbons was Dr. Sufficool's expert.

2. An order as to disbursements is separately appealable from the judgment. *See Nelson v. Nelson Cattle Co.*, 513 N.W.2d 900, 905-06 (S.D. 1994) ("An appeal may be taken from the judgment without appealing taxation of [disbursements] and an appeal from taxation of [disbursements] may be taken without appealing the judgment.").

N.W.2d 612, 621 (quoting *Behrens v. Wedmore*, 2005 S.D. 79, ¶ 69, 698 N.W.2d 555, 581). An abuse of discretion "is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable." *Thurman v. CUNA Mut. Ins. Soc'y*, 2013 S.D. 63, ¶ 11, 836 N.W.2d 611, 616 (quoting *State v. Lemler*, 2009 S.D. 86, ¶ 40, 774 N.W.2d 272, 286) (internal quotation marks omitted). Estate argues that the circuit court abused its discretion in denying its request for disbursements for the video depositions of Drs. Sufficool, Grant, and Fitzgibbons.

[¶5.] Estate asserts that videographer fees are similar to transcript and court reporter fees and, therefore, disbursements for those fees may be granted under SDCL 15-17-37:

> The prevailing party in a civil action or special proceeding may recover expenditures necessarily incurred in gathering and procuring evidence or bringing the matter to trial. Such expenditures include costs of telephonic hearings, costs of telephoto or fax charges, fees of witnesses, interpreters, translators, officers, printers, service of process, filing, expenses from telephone calls, copying, costs of original and copies of transcripts and reporter's attendance fees, court appointed experts, and other similar expenses and charges. These expenditures are termed "disbursements" and are taxed pursuant to § 15-6-54(d).

[¶6.] "[E]xpense of taking depositions" is not listed under this statute as it was under a previous version of the disbursements law. *See DeHaven v. Hall*, 2008 S.D. 57, ¶ 43, 753 N.W.2d 429, 442-43 (quoting SDCL 15-17-4 (1989)).[3] Moreover,

---

3. *DeHaven* outlines the development of South Dakota law on disbursements, particularly since the statutes in this area were significantly revised in 1992.

continued . . .

#27068

this Court recognized a "restrictive interpretation" of the disbursements statute in

*DeHaven*, concluding:

> [T]he prevailing party in a civil action may recover
> necessary expenditures "incurred in gathering and
> procuring evidence or bringing the matter to trial" and
> "other similar expenses and charges" if these
> expenditures, expenses and charges are of the same
> general kind as the . . .

> costs of telephone hearings, costs of telephoto
> or fax charges, fees of witnesses,
> interpreters, translators, officers, printer,
> service of process, filing, expenses from
> telephone calls, copying, costs of original and
> copies of transcripts and reporter's
> attendance fees, court appointed experts[.]

2008 S.D. 57, ¶¶ 50-52, 753 N.W.2d at 444-45 (quoting SDCL 15-17-37).

[¶7.]        Although "expense of taking depositions" is not listed under SDCL 15-17-37, "costs of original and copies of transcripts and reporter's attendance fees" are listed.  Therefore, those aspects of deposition expenses are expressly covered by the statute.  Videographer fees for recording depositions are also not listed under the statute.  Thus, the question becomes whether such expenses are "of the same general kind" as "costs of . . . transcripts and reporter's attendance fees" for depositions. *Id.*

[¶8.]        A similar question arose in *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir. 1996).  In that case, the court considered whether video depositions

---

. . . continued
  *DeHaven* has subsequently been relied upon in *Fix*, 2011 S.D. 80, ¶ 33, 807
  N.W.2d at 621 and *Hewitt v. Felderman*, 2013 S.D. 91, ¶ 30, n.10, 841 N.W.2d
  258, 266 n.10.

were a taxable cost under a statute allowing an award for "'fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.'" *Id.* at 464 (quoting 28 U.S.C. § 1920(2)).[4] Noting that the federal rules (i.e., Fed. R. Civ. P. 29(1), 30(b)(2), and 30(b)(3)) permitted alternative means of taking depositions, the court concluded:

> In view of Rule 29(1), which allows depositions to be recorded in any number of ways, the most logical conclusion is that "a videotaped deposition is more appropriately taxed as is any other deposition expense." *Jamison v. Cooper*, 111 F.R.D. 350, 352 (N.D. Ga. 1986); *see Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir. 1990) (stating that "[v]ideotaped depositions are a necessary and time effective method of preserving witnesses' time and allocating precious court and judicial time in this age of advanced court technology and over-crowded court calendars. We must not seem reluctant to adopt any and all time-saving methods that serve to improve our system of justice").

*Morrison*, 97 F.3d at 465.[5]

[¶9.]     The South Dakota Rules of Civil Procedure also provide for alternative means of taking depositions. *See* SDCL 15-6-29 (permitting depositions to be taken "in any manner" upon stipulation); SDCL 15-6-30(b)(4) (permitting depositions to be

---

4.     It is notable that in its review in *Morrison*, the Eleventh Circuit, similar to this Court in *DeHaven*, insisted on "strict adherence to the language of" the cost statutes that it was considering. 97 F.3d at 465.

5.     *See also Cherry v. Champion International Corporation*, 186 F.3d 442, 448-49 (4th Cir. 1999) ("Even though [28 U.S.C. § 1920] does not make explicit mention of costs associated with videotaping a deposition, we agree with the Tenth Circuit's conclusion that 'section 1920(2) implicitly permits taxation of the costs of video depositions.'" (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997); *Morrison*, 97 F.3d at 464-65; Fed. R. Civ. P. 30(b)(2)).

"recorded by sound, sound-and-visual, or stenographic [or non-stenographic] means

[.]"). Therefore, following the rationale of *Morrison*[6], we hold that videographer fees

for recording depositions are "of the same general kind" as "costs of . . . transcripts

and reporter's attendance fees" for depositions. *DeHaven*, 2008 S.D. 57, ¶ 52, 753

N.W.2d at 445 (quoting SDCL 15-17-37). Accordingly, those fees may be awarded as

disbursements under SDCL 15-17-37 if they meet that statute's other requirements.

[¶10.]     For expenses to be awarded as disbursements under SDCL 15-17-37,

they must be "necessarily incurred in gathering and procuring evidence or bringing

the matter to trial." Further, even if expenses may be awarded as disbursements

under SDCL 15-17-37, other statutes "give considerable discretion in denying

recoverable disbursements[.]" *DeHaven*, 2008 S.D. 57, ¶ 52, 753 N.W.2d at 445

(citing *Full House, Inc. v. Stell*, 2002 S.D. 14, ¶ 25, 640 N.W.2d 61, 67). *See also*

*Culhane v. Michels*, 2000 S.D. 101, ¶ 33, 615 N.W.2d 580, 590 ("SDCL 15-17-52

allows a court to 'limit the taxation of disbursements in the interests of justice.'");

SDCL 15-6-54(d)(1) ("Except as otherwise provided by statute, costs and

disbursements, other than attorney's fees, shall be allowed as of course to the

prevailing party *unless the court otherwise directs*." (Emphasis added)).

[¶11.]     Estate argues that the video depositions were necessary for

impeachment purposes at trial and that the transcribed depositions were necessary

---

6.     Because the state rules on depositions are modeled after the federal rules,
       "decisions by federal courts interpreting and applying the federal rule[s]
       provide[ ] assistance in applying our state rule[s]." *Kaiser v. University
       Physicians Clinic*, 2006 S.D. 95, ¶ 38, 724 N.W.2d 186, 196 (citing *Miller v
       Hernandez*, 520 N.W.2d 266, 269 (S.D. 1994)).

to make the video depositions usable. After a hearing on this issue, the circuit court commented: "[M]y take is that the video portion of the depositions are taken for the parties' convenience, they're not items that are necessary to bring the matter to trial and, as a result, would not be considered to be items that would otherwise be allowable under the statute[.]"

[¶12.] The circuit court's ambiguous oral comments on the issue of necessity are insufficient to permit meaningful review of the issue on appeal. The circuit court made no findings specific to the facts of this case and concluded that the statute did not allow the recovery of disbursements for the video depositions. This ruling makes sense in light of the fact that this case presents an issue of first impression. However, in *Morrison*, the Eleventh Circuit Court of Appeals, after similarly concluding that the case presented an issue of first impression, remanded to the trial court "for further findings on the necessity of the video copying costs that [the defendant] contends are taxable." 97 F.3d at 465. Accordingly, we also remand to allow the circuit court to make the same factual determination here.

[¶13.] Reversed and remanded.

[¶14.] ZINTER, SEVERSON, and WILBUR, Justices, and KONENKAMP, Retired Justice, concur.

[¶15.] KERN, Justice, not having been a member of the Court at the time this action was assigned to the Court, did not participate.